(827 P.2d 780)

No. 66,194

KELLI K. OSTMEYER, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant.*

Opinion filed March 6, 1992.

*Brian Cox*, of Kansas Department of Revenue, of Topeka, for the appellant.

*Michael S. Holland*, of Russell, for the appellee.

Before BRISCOE, C.J., LARSON, J., and DAVID W. KENNEDY, District Judge, assigned.

BRISCOE, C.J.: In a driver's license suspension case, the Kansas Department of Revenue appeals from summary judgment entered in favor of Kelli Ostmeyer. The district court entered summary judgment after concluding the officer who administered the breath test failed to comply with K.S.A. 8-1001(f)(1)(I) when he refused to allow Ostmeyer to contact counsel after her completion of the breath test.

The facts are undisputed. After an automobile accident, Ostmeyer was taken by ambulance to a hospital. She was arrested at the hospital for driving while under the influence of alcohol. The officer who made the arrest read Ostmeyer the warnings required by 8-1001(f)(1) and administered a breath test. When Ostmeyer completed the test, she asked to speak to her attorney. The officer did not permit Ostmeyer to call her attorney. Ostmeyer was subsequently mailed a notice of driver's license suspension and temporary driver's license. She requested an administrative hearing under K.S.A. 8-1002 to challenge her sus-

pension. A hearing was held and Ostmeyer's driving privileges were suspended for 30 days and restricted for an additional 60 days. Her license was suspended for chemical test failure, which is a breath test result of .10 or more. Ostmeyer filed a timely petition for review with the district court and obtained an order staying the license suspension. Ostmeyer filed a motion for summary judgment with the district court, the Department responded, and Ostmeyer filed a reply. The district court granted Ostmeyer's motion for summary judgment.

The Department contends the motion for summary judgment did not comply with Supreme Court Rule 141 (1991 Kan. Ct. R. Annot. 117), arguing transcripts used by Ostmeyer were unauthenticated and were not part of the record.

After some discovery was conducted, Ostmeyer filed a motion for summary judgment, which included citation of *State v. Kelly*, 14 Kan. App. 2d 182, 786 P.2d 623 (1990). Attached to the motion and referenced in the motion was a portion of the suppression hearing transcript from the DUI criminal action which arose out of the same automobile accident. This transcript included the officer's testimony that he did not allow Ostmeyer to call an attorney after she had completed her breath test and had requested an attorney. Ostmeyer was successful in suppressing the breath test results in the DUI criminal action and included that fact in her statement of uncontroverted facts in her motion for summary judgment filed in the present suspension case. She did not argue, however, that the suppression order in the criminal case was binding upon the court under the doctrines of collateral estoppel or res judicata.

In responding to the motion for summary judgment, the Department did not come forward with anything of evidentiary value in an attempt to prove there was a material dispute of fact. See *Slaymaker v. Westgate State Bank*, 241 Kan. 525, Syl. ¶ 1, 739 P.2d 444 (1987). Rather, the Department argued the transcripts offered by Ostmeyer were improperly considered by the district court and that, without these transcripts, there was no factual basis for entering summary judgment in favor of Ostmeyer.

On appeal, the Department again challenges the propriety of Ostmeyer's summary judgment motion. The Department argues the district court's ruling is erroneous because it violates the

express provisions of Supreme Court Rule 141 by permitting Ostmeyer to rely on unauthenticated documents and irrelevant factual matters developed in the "unrelated" criminal DUI proceeding. Specifically, the Department argues the transcripts Ostmeyer used were from the criminal case rather than from the civil case and that the Department was not a party to the criminal action. While it is true the Department was not a party to the prior criminal case, Ostmeyer did not argue the rulings in the criminal case were binding in any way in the civil case. Rather, she offered testimony from the criminal case to prove facts she alleged in the civil case. Ostmeyer offered testimony from the criminal case to prove the officer did not allow her to call her attorney after she took the breath test, even though she requested an attorney. These facts were not directly controverted by the Department.

The Department also argues the transcripts from the criminal case were not "authenticated as being true and correct copies of the originals." However, the Department did not raise this argument before the trial court. "A point not raised before or presented to the trial court cannot be raised for the first time on appeal." *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

Finally, the Department argues the transcripts were not "contained in the court file and otherwise included in the record," as required by Supreme Court Rule 141. Arguably, this is the first time the Department has raised this issue. In its response to the motion for summary judgment, the Department argued the transcripts were not "supported by appropriate supporting references as required by Supreme Court Rule 141." The Department argues that argument is the same issue raised on appeal. Assuming arguendo the two arguments are the same, it is appropriate to consider a portion of Supreme Court Rule 141:

"No motion for summary judgment shall be heard or deemed finally submitted for decision until:

"(a) The moving party has filed with the court and served on opposing counsel a memorandum or brief setting forth concisely in separately numbered paragraphs the uncontroverted contentions of fact relied upon by said movant (with precise references to pages, lines and/or paragraphs of transcripts, depositions, interrogatories, admissions, affidavits, exhibits, or other

supporting documents contained in the court file and otherwise included in the record)."

As the district court noted in response to the Department's objections:

"Defendant does not specify how the uncontroverted statement of facts and supported transcripts from the trial held in Ellis County failed to comply with Supreme Court Rule 141.

"An examination of the Statement of Uncontroverted Facts shows each alleged fact is contained in a separately numbered paragraph. Each alleged fact is indexed to the page and line of the *transcript* of the Ellis County trial which is attached to the Statement of Uncontroverted Facts and filed with the clerk of the court."

It is clear that Ostmeyer cited to the transcripts by using "appropriate supporting references." Since the transcripts were attached to Ostmeyer's statement of uncontroverted facts and filed with that document, the documents were a part of the record.

The Department contends the court erred in concluding the officer's failure to provide Ostmeyer with counsel required the suppression of the breath test results. The Department argues the rule expressed in *Kelly*, 14 Kan. App. 2d 182, has no application in this case because the *Kelly* test applies only to criminal cases and not to administrative proceedings.

In granting Ostmeyer's motion for summary judgment, the district court first noted the language of 8-1001(f)(1)(I): "[A]fter the completion of the testing, the person has the right to consult with an attorney and may secure additional testing, which, if desired, should be done as soon as possible and is customarily available for medical care facilities and physicians." The court noted the officer did not comply with this statute. Pursuant to 8-1002(f), "[i]f the requirements of subsection (a) are not met, the division shall dismiss the administrative proceeding and return any license surrendered by the person." One of the requirements of subsection 8-1002(a)(1) is that the "law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001, and amendments thereto." The court then concluded the facts conclusively showed the officer failed to comply with the provisions of 8-1001 and, as a result, the Department should have dismissed the proceedings.

This court stated in *Kelly*, 14 Kan. App. 2d 182, Syl. ¶ 3, that "[s]uppression of the results of the test administered by the State pursuant to K.S.A. 1987 Supp. 8-1001 and any evidence obtained following a request for counsel after the test is administered by the State is the proper remedy for violation of [8-1001(f)(1)(I)]." In proscribing a remedy for violation of the statute, this court made no distinction in *Kelly* between criminal and administrative proceedings. In *Kelly*, this court considered K.S.A. 1987 Supp. 8-1004 and concluded that an officer's denial of a driver's right to consult an attorney after a breath test required the same sanction as the officer's refusal to allow the driver to obtain a second test.

The Supreme Court expanded the suppression principle in *State v. Luft*, 248 Kan. 911, 913, 811 P.2d 873 (1991), when it held suppression of test results is the proper remedy for failure to give statutory warnings required in 8-1001. In reaching its conclusion to suppress, the court reviewed the holding in *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 755 P.2d 1337 (1988), which arose from the Department's suspension of Barnhart's driver's license.

In *Barnhart*, 243 Kan. at 212, the Supreme Court noted:

"The clear language of the statute indicates that the legislature intended to ensure that a person arrested for driving under the influence was made aware, by the required notice procedure, of his statutory rights. Those rights include the right to obtain independent testing of his blood alcohol level following testing by or under the direction of a law enforcement officer. K.S.A. 1985 Supp. 8-1004 both establishes this right to an independent test, and enforces compliance by law officers. It provides that if the law enforcement officer refuses to permit the person tested to obtain such additional testing, the results of the test administered under the direction of the officer are inadmissible in evidence."

In discussing *Barnhart* in *Luft*, 248 Kan. at 912-13, the Supreme Court said:

"We concluded, as did the Court of Appeals, that the law enforcement personnel had substantially complied with 8-1001(f) and affirmed Barnhart's conviction. Thus, this court never reached the question whether the test results would have been suppressed for failure to give the statutory warning required by 8-1001(f).

"That was the posture of the law when this case was tried. Sixteen days after Luft was convicted, the decision in *State v. Kelly* was announced. In *Kelly*, the question of whether the failure to give the mandatory statutory

warnings would result in suppression of the results of the blood alcohol test was answered."

The Supreme Court's statement in *Luft* when referencing *Barnhart* makes it clear that failure to give the statutory warnings (notices) required by 8-1001(f) will result in suppression of test results in an administrative suspension of license proceeding as well as in a criminal action.

The Department also argues "the concept of the exclusion of the 'evidence' simply does not work in administrative proceedings." The basis of this argument is that an officer's completion of forms indicating a driver has failed the test is all that is needed to suspend a driver's license under 8-1002. We note, however, that 8-1002 contains numerous references to items that may be considered "admissible in evidence." See, *e.g.*, K.S.A. 8-1002(b), 8-1002(i), and 8-1002(j). Indeed, the officer's certificate that a driver has failed a breath test is specifically listed as evidence to be considered in administrative hearings under 8-1002(b). The Department's argument on this point lacks merit.

The Department next argues that constitutional protections in criminal proceedings are not applicable in civil proceedings, citing cases where suppression rules are applied in criminal cases but not in civil or administrative actions.

The Department's argument ignores the statutory basis for the decision in *Kelly*. As discussed, *Barnhart*, *Kelly*, and by implication *Luft*, all relied heavily on the protections created under 8-1004. The court determined the legislature intended breath tests to be suppressed in both civil and criminal contexts when a driver's rights are violated. It is well known that "[t]he fundamental rule of statutory construction is that the intent of the legislature governs. [Citation omitted.] When construing a statute, a court should give words in common usage their natural and ordinary meaning. [Citation omitted.]" *Hill v. Hill*, 13 Kan. App. 2d 107, 108, 763 P.2d 640 (1988). Since it has already been determined in *Luft*, *Barnhart*, and *Kelly* that the legislature intended that sanctions apply in both civil and criminal contexts, that legislative intent must govern.

Finally, the Department complains Ostmeyer did not raise the "*Kelly* issue" during the administrative hearing and, therefore, she cannot raise it now. There is no transcript of the adminis-

trative hearing in the record before this court. The Department does include a transcript of that hearing with its brief to this court.

"A party must designate an adequate record on appeal to substantiate contentions made to the appellate court. Without such a record, claims of alleged error must fail. Assertions in an appellate brief are not sufficient to satisfy inadequacies in the record on appeal. [Citation omitted.]" *Eisenhut v. Steadman*, 13 Kan. App. 2d 220, 223, 767 P.2d 293 (1989).

Notes that were apparently made during the hearing are included in the record. Many of the notations are illegible and the full import of the comments cannot be discerned. However, under the heading "Other issues raised, if any," is the notation: "No const. rt. to consult with atty," which would indicate the issue was raised by Ostmeyer at the administrative hearing. Further, the Department did not raise this argument before the trial court. See *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. at 552.

Affirmed.