(877 P.2d 1)
No. 68,424

STEWART A. SCHULZ, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

—

Opinion filed June 25, 1993.

*Brian Cox*, of Kansas Department of Revenue, of Topeka, for appellant.

*Martin J. Keenan* and *Dennis J. Keenan*, of Keenan and Boeckman, P.A., of Great Bend, for appellee.

Before ELLIOTT, P.J., LEWIS, J., and TIMOTHY E. BRAZIL, District Judge, assigned.

BRAZIL, J.: Appellee Stewart Schulz was arrested by Stafford County Sheriff's Deputy Jim Garner for driving while under the influence of alcohol (DUI) on August 17, 1990. Appellee is severely impaired, possibly quadriplegic, as the result of a spinal cord injury suffered in a previous car accident. Deputy Garner transported appellee to the Stafford County Sheriff's Office, where he read the implied consent advisory to appellee. Appellee does not recall if he was given a copy of the implied consent advisory, but Deputy Garner testified that he did provide appellee with a copy of the advisory. Appellee then consented to submit to a breath test by blowing into the Intoxylizer 5000 breath testing machine.

At 2:58 a.m., an air blank was run through the machine; at 2:59 a.m., a calibration check against a known air sample was run through the machine; at 3:01 a.m., appellee was tested; and at 3:02 a.m., a final nonalcohol-containing air blank was run through the machine.

Both appellee and Deputy Garner testified that appellee blew as hard as he could into the machine. The machine was unable to record the alcohol content of appellee's breath and indicated that appellee had provided a deficient sample. Deputy Garner testified that although he made no further checks of the machine to determine if it was operating properly, he had no reason to believe it was not working properly. Appellee informed Deputy Garner that his lung capacity was limited due to his injury.

Deputy Garner then informed appellee that he had not provided a sufficient sample and requested that appellee submit to a blood test at the hospital. Appellee informed Deputy Garner that he felt he had completed the test pursuant to the implied consent advisory and that he wished to consult an attorney before taking the blood test. Deputy Garner told appellee that he was not entitled to an attorney until he had completed the testing and again requested that appellee provide a blood sample. Appellee testified that Deputy Garner informed him that if appellee did not take the blood test, Deputy Garner would issue appellee a DUI citation. Deputy Garner denied threatening appellee with a DUI citation but did inform him that if he did not submit to the blood test, it would be considered a refusal.

Appellee submitted to the blood test at the hospital. The test was administered at 3:20 a.m. Appellee had been arrested at 1:26 a.m.

Deputy Garner mailed the blood sample to the KBI laboratory the Monday following the Friday morning blood test. The sample was received by the KBI on August 20, 1990. The results of the blood alcohol examination were that appellee's blood contained 0.24 grams of alcohol per 100 milliliters of blood.

The laboratory report was mailed to the Stafford County Sheriff's Office on August 31, 1991. Deputy Garner testified he received the lab report on September 8, 1990, but later said he was not certain from independent recollection when the lab report arrived. Deputy Garner completed form "DC-27," the "Certifi-

cation [of failure of blood test] and Notice of Suspension," on September 9, 1990, and mailed it to the Kansas Department of Revenue (KDR) the same day. Appellee was served with the certification on September 9, 1990, and requested an administrative hearing on September 11, 1990.

On November 8, 1990, KDR suspended appellee's driver's license at an administrative hearing due to a chemical test "failure" under the Kansas implied consent law, K.S.A. 8-1001. On November 16, 1990, appellee filed a petition in Barton County District Court appealing the administrative order. The matter came to trial on November 19, 1991. The State apparently made an oral motion to dismiss appellee's petition at trial.

On May 14, 1992, the court issued a memorandum decision denying the State's motion to dismiss, based on the State's noncompliance with the certification requirements of K.S.A. 8-1002(e). The court's June 3, 1992, journal entry of judgment reversed the administrative order and ordered that appellee's driver's license not be suspended.

KDR asserts that the certification requirements of K.S.A. 8-1002(e) could not be raised at the administrative hearing and therefore were not properly before the district court. We agree.

K.S.A. 8-1002(e) reads in relevant part: "Within five days after the date of certification of the test refusal or test failure, the officer who effected service shall forward the officer's certification and a copy of the notice of suspension, along with any licenses taken, to the division."

In the memorandum decision reversing the administrative order suspending appellee's driver's license, the trial court stated:

"The further issue that is involved in this case is the certification required in K.S.A. 8-1002(e) which states in part, '. . . within five days after the date of certification of the test refusal or test failure, the officer who effected service shall forward the officer's certification and a copy of the notice of suspension along with any license taken to the division.' This was done. From the evidence that is before the Court, the Court believes and finds that more than five days had lapsed before the officer did this. The report from the KBI is dated 8/20/90, received in St. John, Kansas, on August 31, 1990, and was not filed until September 8, 1990, from the evidence that is before the Court. With this in mind, the Defendant's Motion to Dismiss the Matter is overruled and the Court would find that the statute relative

to the certification required under K.S.A. 8-1002(e) has not been complied with by the Defendant."

The scope of the district court's review of an administrative decision is set out in K.S.A. 77-621. *Buchanan v. Kansas Dept. of Revenue*, 14 Kan. App. 2d 169, 170, 788 P.2d 285 (1989). The party seeking relief from an administrative order has the burden of proof. K.S.A. 77-621(a)(1). The district court shall grant relief to a party seeking the invalidity of an administrative order if the agency has failed to follow prescribed procedure. K.S.A. 77-621(c)(5).

K.S.A. 8-1002(h)(2), however, sets forth the only issues which may be considered by KDR at the administrative hearing on a failure of the test required by the Kansas implied consent law. See *Woodhead v. Kansas Dept. of Revenue*, 13 Kan. App. 2d 145, 147, 765 P.2d 167 (1988).

K.S.A. 8-1002(h)(2) reads in relevant part:

"[T]he scope of the hearing shall be limited to whether: (A) A law enforcement officer had reasonable grounds to believe the person was operating a motor vehicle while under the influence of alcohol or drugs, or both . . .; (B) the person was in custody or arrested for an alcohol or drug related offense or was involved in a motor vehicle accident or collision resulting in property damage, personal injury or death; (C) a law enforcement officer had presented the person with the *oral and written notice required by K.S.A. 8-1001, and amendments thereto*; (D) the testing equipment used was reliable; (E) the person who operated the testing equipment was qualified; (F) the testing procedures used were reliable; (G) the test result determined that the person had an alcohol concentration of .10 or greater in such person's blood or breath; and (H) the person was operating a motor vehicle." (Emphasis added.)

The statute clearly does not include the five-day certification requirement of K.S.A. 8-1002(e) in the issues that may be raised at the administrative hearing. K.S.A. 8-1002(h)(2)(C) states that failure to provide the notice required by K.S.A. 8-1001(f)(1) is an issue that may be raised, but once again, this is not the five-day certification requirement of K.S.A. 8-1002(e).

The trial court could not consider the certification requirements of K.S.A. 8-1002(e) as an issue for review since it could not be raised before KDR at the administrative hearing. See *Woodhead*, 13 Kan. App. 2d at 147. Unless an issue is first raised at the administrative hearing, it may not be raised during the district

court's de novo review conducted pursuant to K.S.A. 8-259(a). *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, Syl. ¶ 4, 851 P.2d 1385 (1993). The issue of the five-day certification requirement of K.S.A. 8-1002(e) was not properly before either the KDR at the administrative hearing or the district court on appeal from the administrative order.

Appellee contends that even if the trial court's ruling on K.S.A. 8-1002(e) was clearly erroneous, he is entitled to prevail on appeal because his statutory and Sixth Amendment rights to consult an attorney were violated. "The reasons given by a district court for its decision are immaterial so long as its ruling was correct for any reason." *Dearborn Animal Clinic, P.A. v. Wilson*, 248 Kan. 257, Syl. ¶ 6, 806 P.2d 997 (1991).

The trial court ruled that the right to an attorney was an issue but made no findings of fact or law concerning this issue and based its decision on other grounds.

Under the implied consent statute, any person operating a motor vehicle within the state is deemed to have given consent to submit to one or more tests of bodily substances to determine the presence of alcohol or drugs. K.S.A. 8-1001(a). Before testing, the person must be informed of certain statutory rights. K.S.A. 8-1001(f)(1). One of these rights is that upon completion of testing, the person has a right to consult an attorney. K.S.A. 8-1001(f)(1)(I). Suppression of the test results is the proper remedy for violation of this right. *State v. Kelly*, 14 Kan. App. 2d 182, Syl. ¶ 3, 786 P.2d 623 (1990).

In this case, appellee was arrested for driving while under the influence, was provided the statutory notice of his rights, and was asked to submit to a breath test. The breath test machine indicated a deficient sample. The machine was unable to determine the alcohol content of appellee's breath; nothing was recorded after appellee blew into the machine. Appellee then requested an attorney. This request was denied, and appellee was asked to submit to a blood test.

The appellee was informed of the consequences of refusing the blood test and consented to the test. The test results indicated that the blood alcohol concentration of the appellee's blood exceeded the statutory limit. The arresting officer then certified that appellee failed the test.

Appellee now claims that his right to consult an attorney pursuant to K.S.A. 8-1002(f)(1)(I) was violated and that pursuant to *Kelly*, 14 Kan. App. 2d 182, Syl. ¶ 3, the test results should be suppressed.

The alleged violation of appellee's right to consult an attorney hinges on whether he completed the required testing. If he had completed testing within the meaning of the statute, then his right to an attorney attached and the refusal of his request for an attorney violated this right.

Under a plain reading of the statute, appellee had not completed testing when he requested an attorney.

K.S.A. 8-1001(a) reads in relevant part:

"Any person who operates or attempts to operate a motor vehicle within this state is deemed to have given consent, subject to the provisions of this act, to submit to *one or more tests of the person's blood, breath, urine or other bodily substance to determine the presence of alcohol or drugs.*" (Emphasis added.)

The Kansas implied consent law is based on the theory that anyone who operates a motor vehicle upon public highways consents in advance to submit to a chemical test to determine the amount of alcohol in the driver's blood. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). K.S.A. 8-1001(a) clearly gives the State the right to perform more than one test to determine the presence of alcohol or drugs in the driver's blood. Because appellee's sample was deficient, there was no determination of the presence of alcohol or drugs in appellee. The testing process was not yet complete. Under the statute, the State was permitted, with appellee's consent, to continue the testing until the presence of alcohol in appellee was determined.

K.S.A. 8-1001(f)(1) reads in relevant part: "Before a *test or tests* are administered under this section, the person shall be given oral and written notice that: . . . (I) after the *completion* of the testing, the person has the right to consult with an attorney." (Emphasis added.)

The clear language of the statute requires that the testing be completed before the right to consult an attorney attaches.

Appellee cites *State v. Bristor*, 236 Kan. 313, Syl. ¶ 4, 691 P.2d 1 (1984); *Ostmeyer v. Kansas Dept. of Revenue*, 16 Kan. App. 2d 639, 643, 827 P.2d 780 (1992); and *State v. Kelly*, 14

Kan. App. 2d at 188, for the proposition that the right to counsel attaches when an individual makes a good faith effort to submit to a breath test, even when no results are forthcoming. These cases are not on point.

In *Bristor*, the defendant requested an attorney before he took the breath test. 236 Kan. at 314. In *Kelly* and *Ostmeyer*, the defendants requested an attorney after they took the breath test. *Ostmeyer*, 16 Kan. App. 2d at 639; *Kelly*, 14 Kan. App. 2d at 184. In *Kelly* and *Ostmeyer*, the results of the breath test were suppressed because of the denial of the right to consult an attorney after the completion of the test. *Ostmeyer*, 16 Kan. App. 2d at 642-45; *Kelly*, 14 Kan. App. 2d at 191-92. In each of these cases, the suspect was given a breath test which determined the presence of alcohol at a concentration higher than that permitted by the statute. *Bristor*, 236 Kan. at 314; *Ostmeyer*, 16 Kan. App. 2d at 640; *Kelly*, 14 Kan. App. 2d at 184. These cases are distinguished from appellee's case because in all three the alcohol concentration of the defendant's breath was determined; none of these cases involved a deficient sample.

In *Bristor*, the Kansas Supreme Court reversed the decision of the Court of Appeals affirming the trial court's suppression of the breath test results. The rationale of the Supreme Court is informative here. The court in *Bristor* ruled that "[a] person who is arrested for driving while under the influence of intoxicating liquor has no constitutional right to consult with counsel in order to determine whether to submit to a chemical test to determine the alcohol content of his or her blood." *Bristor*, 236 Kan. 313, Syl. ¶ 5. In reaching this decision, the court examined the "critical stage" analysis for determining when the Sixth Amendment right to counsel attaches in criminal proceedings as set out in *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967). The court in *Bristor* found that the administration of the breath test itself was not a critical stage at which the right of counsel attaches. *Bristor*, 236 Kan. at 321-22.

Under either the plain language of the statute or under Sixth Amendment analysis, appellee's claim of the violation of his right to counsel must fail.

Reversed and remanded to the trial court with instructions to reinstate KDR's administrative order suspending the appellee's driver's license.