(20 P.3d 1290)

No. 84,577

CHRISTOPHER J. LINENBERGER, *Appellee*, v. KANSAS
DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed April 6, 2001.

*Brian Cox*, of Kansas Department of Revenue, for the appellant.

*Michael S. Holland* and *Michael S. Holland II*, of Holland and Holland, of Russell, for the appellee.

Before MARQUARDT, P.J., GREEN, J., and BUCHELE, S.J.

BUCHELE, J.: On August 30, 1997, Christopher Linenberger was stopped while driving by Officer Nixon after the officer had reasonable grounds to believe Linenberger was driving under the influence of drugs or alcohol. Linenberger failed several sobriety tests and refused to take a breath test. That same day Officer Nixon completed a certification and notice of driver's license suspension form and personally served it on Linenberger. A copy of the form was not received by the Kansas Department of Revenue (KDR) until October 3, 1997.

On October 9, 1997, Linenberger was notified that due to his refusal to take the breath test, his driver's license had been suspended for 1 year, beginning September 29, 1997. On October 10, 1997, Linenberger requested an administrative hearing regarding the suspension of his license. During the hearing, Linenberger

moved to dismiss the case because Officer Nixon had not complied with K.S.A. 1997 Supp. 8-1002(e), in that he had waited more than 5 days to forward a copy of the certification and notice of suspension to KDR. Although the record is not clear, this motion was apparently denied because on May 19, 1998, an administrative order was issued suspending Linenberger's license for 1 year.

Linenberger subsequently filed a petition for review with the district court. The court found that because Officer Nixon had failed to comply with K.S.A. 1997 Supp. 8-1002(e), KDR lacked subject matter jurisdiction over Linenberger and permanently enjoined KDR from suspending Linenberger's license.

Resolution of this question requires interpretation of K.S.A. 1997 Supp. 8-1002(e), which requires local authorities to certify to KDR the refusal of a breath test. It is undisputed in this case that Officer Nixon failed to mail the certification and notice of suspension to KDR within 5 days as required by K.S.A. 1997 Supp. 8-1002(e). The interpretation of a statute is a question of law over which this court has unlimited review. *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 844, 863 P.2d 364 (1993); *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

K.S.A. 1997 Supp. 8-1002(e) outlines the procedure an officer is to follow when a person still in custody refuses to take or fails a drug or alcohol test after the officer has reasonable grounds to believe he or she was driving under the influence of drugs and/or alcohol. K.S.A. 1997 Supp. 8-1002(e) reads: "Within five days after the date of service of a copy of the law enforcement officer's certification and notice of suspension the officer's certification and notice of suspension, along with any license taken, shall be forwarded to the [KDR]."

KDR argues that the district court erred by failing to follow controlling law established by this court in *Schulz v. Kansas Dept. of Revenue*, 19 Kan. App. 2d 665, 877 P.2d 1 (1993), when the court considered the State's compliance with K.S.A. 1997 Supp. 8-1002(e).

In *Schulz*, KDR suspended Schulz' driver's license following a failure of a blood alcohol test. Schulz requested an administrative

hearing to challenge his suspension. An administrative order affirmed the suspension and Schulz sought judicial review with the district court. The court denied the State's motion to dismiss based on the State's noncompliance with the 5-day certification requirement of K.S.A. 8-1002(e). In its final order, the court reversed the administrative order and ordered that Schulz' driver's license not be suspended.

In *Schulz*, KDR argued to this court that the certification requirement of K.S.A. 8-1002(e) could not be raised at the administrative hearing and, therefore, were not properly before the district court. This court agreed. 19 Kan. App. 2d at 667. K.S.A. 1997 Supp. 8-1002(h)(1) sets forth the issues which may be considered by KDR at the administrative hearing when a person refuses to take a test. Subsection (2) sets forth the issues which may be considered by KDR at the administrative hearing when a person fails a test. See *Schulz*, 19 Kan. App. 2d at 668.

K.S.A. 1997 Supp. 8-1002(h)(1) reads:

"If the officer certifies that the person refused the test, the scope of the hearing shall be limited to whether: (A) A law enforcement officer had reasonable grounds to believe the person was operating or attempting to operate a vehicle while under the influence of alcohol or drugs, or both . . . (B) the person was in custody or arrested for an alcohol or drug related offense or was involved in a vehicle accident or collision resulting in property damage, personal injury or death; (C) a law enforcement officer had presented the person with the oral and written notice required by K.SD.A. 8-1001, and amendments thereto; and (D) the person refused to submit to and complete a test as requested by a law enforcement officer."

K.S.A. 1997 Supp. 8-1002(h)(2) includes the above issues as well as four additional provisions that relate to challenges on the test that was performed.

The *Schulz* court stated that with respect to K.S.A. 1997 Supp. 8-1002(h)(2) and test failures, K.S.A. 1997 Supp. 8-1002(h)(1) clearly does not include the 5-day certification requirement of K.S.A. 1997 Supp. 8-1002(e) in the issues that may be raised at the administrative hearing. Since the certification requirement of K.S.A. 1997 Supp. 8-1002(e) was not an issue that could be raised before KDR at the administrative hearing, it can be said that the

district court could not consider the issue on review. See 19 Kan. App. 2d at 668.

In an appeal from an administrative agency decision, a person is limited to the issues he or she raises at the administrative hearing. *Kim v. Kansas Dept. of Revenue*, 22 Kan. App. 2d 319, 321, 916 P.2d 47, *rev. denied* 260 Kan. 994 (1996). Because of the limited issues that may be raised at the administrative hearing, pursuant to K.S.A. 1997 Supp. 8-1002(h)(1), the issuance of the 5-day certification requirement of K.S.A. 1997 Supp. 8-1002(e) was not properly before either KDR at the administrative hearing or the district court on appeal from the administrative order. *Schulz*, 19 Kan. App. 2d at 669.

Linenberger argues, however, that compliance with the certification requirement of K.S.A. 1997 Supp. 8-1002(e) is an issue of subject matter jurisdiction, which can be raised at any time. He cites to *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, 349, 853 P.2d 69, *rev. denied* 253 Kan. 856 (1993), in support of his argument.

In *Anderson*, the controlling issue was whether the district court erred in determining that personal service of the DC-27 form, *i.e.*, notice of suspension, was required in order for KDR to suspend a person's driver's license. KDR argued that this issue could not be considered because it was not one listed in K.S.A. 8-1002(h)(1). This court found that personal service could be raised, finding that K.S.A. 8-1002(h)(1) "speaks only to substantive issues and does not attempt to limit procedural issues." 18 Kan. App. 2d at 349.

Neither *Anderson* nor *Schulz* stands for the proposition that failure to comply with the certification requirement of K.S.A. 1997 Supp. 8-1002(e) denies KDR subject matter jurisdiction to conduct an administrative hearing regarding suspension of a driver's license. In *Anderson*, the court addressed the issue of failure to make personal service. *Schulz* was concerned with forwarding a copy of the certification and notice of suspension to KDR. In K.S.A. 1997 Supp. 8-1002(h)(1), the Kansas Legislature limited the issues that may be considered at an administrative hearing. Whether the arresting officer made a timely certification is not among the issues that may be reviewed at an administrative hearing.

Based upon our decision in *Schulz*, we find the district court erred in considering the certification requirement in an administrative hearing. We do not believe that failure to file a certification within 5 days denies KDR jurisdiction or a licensee due process.

We are mindful that *Schulz* and our decision here leave no remedy for the enforcement of the 5-day certification requirement. We suggest that the legislature should address the 5-day certification requirement and/or what consequences should be imposed if the arresting officer fails to make timely certification of the notice of suspension.

Reversed.