(166 P.3d 1060)
No. 96,707

RUSSELL G. ASHLEY, *Appellant*, v. KANSAS DEPARTMENT OF
REVENUE, *Appellee*.

—

Opinion filed
September 7, 2007.

*Bruce D. Mayfield*, of Bruce D. Mayfield, Chartered, of Overland Park, for appellant.

*J. Brian Cox*, of Kansas Department of Revenue, for appellee.

Before CAPLINGER, P.J., ELLIOTT and MALONE, JJ.

MALONE, J.: Russell G. Ashley appeals the district court's decision upholding his driver's license suspension by the Kansas Department of Revenue (KDR). Ashley claims he was not properly served with notice of his license suspension because the officer who served the notice was not the officer who administered the breath alcohol test Ashley had failed. KDR contends that neither the district court nor this court has jurisdiction to address Ashley's claim. In the alternative, KDR contends Ashley was properly served with the suspension notice.

On November 19, 2004, Officer Jerrald Glaser arrested Ashley for driving under the influence of alcohol (DUI). Glaser determined that Ashley should take a breath test, and he transported Ashley to the Overland Park police station. Because Glaser was not certified to perform breath testing using the Intoxilyzer 5000 device, he contacted Officer Justin Doherty, who was certified to operate the device.

Glaser asked Ashley to take the breath test, and Ashley consented. Glaser gave the requisite implied consent notices to Ashley before the test was administered. Although Glaser was in charge of the 20-minute alcohol deprivation period, Doherty actually operated the Intoxilyzer 5000 device and performed the breath testing. However, Glaser remained present during the testing.

The Intoxilyzer 5000 results indicated Ashley's blood alcohol level was above 0.08. After Ashley failed the test, both Glaser and Doherty completed and signed the officer's certification and notice of suspension (DC-27 form). Glaser then personally handed the completed DC-27 form to Ashley. Doherty was present when Ashley was served with the suspension notice, although Doherty did not actually see Glaser hand the DC-27 form to Ashley.

Ashley timely requested an administrative hearing. Following the hearing, KDR affirmed the driver's license suspension. Ashley timely petitioned the Johnson County District Court for review of

the agency's action. Among other allegations, the petition for judicial review stated that Ashley "was not properly served with the statutory notice of proceedings (Form DC-27)." At the bench trial, Ashley argued he was not properly served with the DC-27 form because the notice had been served by Glaser and not by Doherty, who actually performed the breath testing. After hearing the evidence, the district court entered a written order upholding Ashley's driver's license suspension. The district court specifically found that Ashley had been properly served with the DC-27 form pursuant to K.S.A. 8-1002. Ashley timely appeals.

*Jurisdiction*

The sole issue on appeal is whether Ashley was properly served with notice of his driver's license suspension pursuant to K.S.A. 8-1002(c). However, KDR contends that neither the district court nor this court has jurisdiction to address Ashley's claim. Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). Also, to the extent the issue involves statutory interpretation, an appellate court's review is unlimited. 281 Kan. at 374.

KDR's jurisdictional argument is based upon two separate grounds. First, KDR argues that Ashley's claim exceeds the limited scope of an administrative hearing pursuant to K.S.A. 8-1020(h)(2). A licensee may request an administrative hearing to challenge his or her driver's license suspension, pursuant to K.S.A. 8-1020(a). If the officer has certified that the person failed a breath test, K.S.A. 8-1020(h)(2) limits the scope of the hearing to whether:

"(A) A law enforcement officer had reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol, drugs, or both; . . .

"(B) the person was in custody or arrested for an alcohol or drug related offense . . .;

"(C) a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001, and amendments thereto;

"(D) the testing equipment used was certified by the Kansas department of health and environment;

"(E) the person who operated the testing equipment was certified by the Kansas department of health and environment;

"(F) the testing procedures used substantially complied with the procedures set out by the Kansas department of health and environment;

"(G) the test result determined that the person had an alcohol concentration of .08 or greater in such person's breath; and

"(H) the person was operating or attempting to operate a vehicle."

In *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, 349, 853 P.2d 69, *rev. denied* 253 Kan. 856 (1993), this court found that K.S.A. 1993 Supp. 8-1002(h)(1), which is similar to K.S.A. 8-1020(h)(2), "speaks only to *substantive* issues and does not attempt to limit *procedural* issues." (Emphasis added.) *Anderson* dealt with a breath test refusal as opposed to a breath test failure, and the evidence indicated the DC-27 form had been left with the plaintiff's belongings and not personally served on the plaintiff. The court allowed the plaintiff to raise the procedural issue of whether he had been properly served with the DC-27 form, even though this issue was outside the limited scope of an administrative hearing under the statute. 18 Kan. App. 2d at 348-49.

However, in *Schulz v. Kansas Dept. of Revenue*, 19 Kan. App. 2d 665, 668-69, 877 P.2d 1 (1993), this court held that the only issues eligible to be raised before an administrative hearing officer or the district court were those set out in K.S.A. 1990 Supp. 8-1002(h)(2) (comparable to K.S.A. 8-1020[h][2]). In *Linenberger v. Kansas Dept. of Revenue*, 28 Kan. App. 2d 794, 796-98, 20 P.3d 1290, *rev. denied* 271 Kan. 1037 (2001), this court again held that administrative hearing issues are limited to those listed in the statute. Both *Schulz* and *Linenberger* dealt with K.S.A. 8-1002(e), which provides that a law enforcement officer must forward a copy of the certification and notice of suspension to the Kansas Division of Motor Vehicles within 5 days after the date of service of the notice on any driver.

KDR contends that *Anderson* has been superceded by *Schulz* and *Linenberger*. However, the Kansas Supreme Court rejected a similar argument in *Foster*, 281 Kan. at 370. In *Foster*, the issue was whether two licensees could challenge the fact that their administrative hearings were not scheduled forthwith in accordance with K.S.A. 8-1020(d). KDR argued the scheduling issue could not be challenged because it was outside the statutory scope of an

administrative hearing. However, the Supreme Court found that it had jurisdiction to consider the procedural issue of whether the administrative hearings were scheduled in a timely manner. 281 Kan. at 371-72.

We reject KDR's contention that *Anderson* has been superceded by *Schulz* and *Linenberger*. Ashley's claim that he was not properly served with the DC-27 form raises a procedural issue. Thus, Ashley was entitled to raise the issue at his administrative hearing and in district court even though the issue is outside the limited scope of an administrative hearing pursuant to K.S.A. 8-1020(h)(2).

Next, KDR argues that Ashley's petition for judicial review did not sufficiently state his claim that he was not properly served with notice of his driver's license suspension. KDR cites *Bruch v. Kansas Dept. of Revenue*, 282 Kan. 764, 148 P.3d 538 (2006), for support. In *Bruch*, the plaintiff's petition for judicial review generally alleged that his driver's license suspension should be vacated because the officer lacked reasonable suspicion to conduct a DUI investigation, the officer lacked probable cause to arrest the plaintiff, and the plaintiff's due process rights were violated because he was not allowed to subpoena relevant witnesses to the administrative hearing. At the bench trial, the plaintiff attempted to raise specific issues concerning his consent to a preliminary breath test (PBT) and whether the test had been properly administered by the officer. The district court ruled the plaintiff's petition had failed to raise any issues concerning the PBT, so the plaintiff was precluded from raising the issues at trial. 282 Kan. at 784-86.

On appeal, the Kansas Supreme Court noted that review of an agency's action is governed by the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.* Furthermore, the KJRA provides specific pleading requirements for a petition for judicial review. K.S.A. 77-614(b) states:

"(b) A petition for judicial review shall set forth:
(1) The name and mailing address of the petitioner;
(2) the name and mailing address of the agency whose action is at issue;
(3) identification of the agency action at issue, together with a duplicate copy, summary or brief description of the agency action;

(4) identification of persons who were parties in any adjudicative proceedings that led to the agency action;

(5) facts to demonstrate that the petitioner is entitled to obtain judicial review;

(6) the petitioner's reasons for believing that relief should be granted; and

(7) a request for relief, specifying the type and extent of relief requested."

The Supreme Court concluded that strict compliance with KJRA's pleading requirements is necessary. 282 Kan. at 781-85. Because the plaintiff's petition for judicial review had failed to raise any issues concerning the PBT, the court determined the plaintiff was precluded from raising the issues in district court or on appeal. 282 Kan. at 784-86.

Here, Ashley's petition for judicial review alleged that he "was not properly served with the statutory notice of proceedings (Form DC-27)." Ashley attached KDR's hearing order as an exhibit to the petition. The hearing order indicated that Ashley had raised a service issue: "Can officer other than BAT officer serve DC 27?"

Ashley's case is distinguishable from *Bruch*. Unlike the plaintiff's broad issue statement in *Bruch* that failed to make any mention of the PBT, Ashley's petition specifically raised the issue of whether he was properly served with the DC-27 form. The attached exhibit included a fact assertion that Ashley had not been served by the proper officer. Although Ashley's petition for review could have contained more facts to support the issue being raised, we conclude the petition satisfied the pleading requirements of K.S.A. 77-614(b).

Because Ashley raises a procedural issue which was sufficiently identified in his petition for judicial review and considered by the district court, we conclude this court has jurisdiction to address the merits of Ashley's claim.

### Service of the DC-27 form

Ashley claims he was not properly served with notice of his driver's license suspension pursuant to K.S.A. 8-1002(c). This raises an issue of statutory interpretation, which is a question of law. See *Foster*, 281 Kan. at 378.

K.S.A. 8-1002(c) provides in relevant part:

"When the *officer directing administration of the testing* determines that a person has refused a test and the criteria of subsection (a)(1) have been met or determines that a person has failed a test and the criteria of subsection (a)(2) have been met, the officer shall serve upon the person notice of suspension of driving privileges pursuant to K.S.A. 8-1014, and amendments thereto. If the determination is made while the person is still in custody, service shall be made in person by the officer on behalf of the division of vehicles." (Emphasis added.)

Personal service of the suspension notice is mandatory. *Anderson*, 18 Kan. App. 2d 347, Syl. ¶ 1. The doctrine of "substantial compliance" is not applicable to the personal service provision of K.S.A. 8-1002(c) because this notice sets in motion the substantive administrative and judicial process by which a driver's license suspension determination is made. 18 Kan. App. 2d at 349. If the suspension notice is not personally served when so required by K.S.A. 8-1002(c), the driver is not required to make the additional showing that he or she was prejudiced by the invalid service. 18 Kan. App. 2d 347, Syl. ¶ 2.

Here, Glaser personally handed the DC-27 form to Ashley. Ashley's argument, though, is that the wrong officer served him the form. K.S.A. 8-1002(c) refers to the "officer directing administration of the testing" and then subsequently provides that "service shall be made in person by the officer on behalf of the division of vehicles." Ashley argues that the phrase "officer directing administration of the testing" refers to the officer who actually administers the breath test. Under Ashley's interpretation of the statute, Doherty, rather than Glaser, was required to serve him the DC-27 form because Doherty actually operated the testing equipment.

No Kansas case has expressly addressed the meaning of the phrase "officer directing administration of the testing" found in K.S.A. 8-1002(c). Under the facts of this case, two officers were involved in the testing procedure: (1) Glaser, who decided that Ashley should take the test and (2) Doherty, who operated the device to perform the test. The district court found that both Glaser and Doherty were involved in the administration of the test and concluded that either officer could have served the suspension notice.

Before interpreting K.S.A. 8-1002(c), we review some fundamental principles of statutory construction:

" 'The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.' [Citation omitted.]" *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 88, 106 P.3d 492 (2005).

When construing statutes and determining legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required, if possible, to consider and construe together all parts thereof *in pari materia*. It is the court's duty to reconcile the different provisions, as far as practicable, so as to make them consistent, harmonious, and sensible. *McIntosh v. Sedgwick County*, 282 Kan. 636, 642, 147 P.3d 869 (2006).

Also, we are reminded that K.S.A. 8-1001 *et seq.* is a remedial law and shall be liberally construed to promote public health, safety, and welfare. K.S.A. 2006 Supp. 8-1001(q). Finally, " '[a]s a general rule, statutes are construed to avoid unreasonable results.' " *Pieren-Abbott*, 279 Kan. at 89 (quoting *In re M.R.*, 272 Kan. 1335, 1342, 38 P.3d 694 [2002]).

To better understand what the legislature meant by the phrase "officer directing administration of the testing" found in K.S.A. 8-1002(c), we refer to K.S.A. 2006 Supp. 8-1001(b), where the same language also appears. K.S.A. 2006 Supp. 8-1001(b) provides that a law enforcement officer must request a person to submit to an alcohol test if the officer has reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol and the person has been arrested or otherwise taken into custody for a DUI. K.S.A. 2006 Supp. 8-1001(b) goes on to state that "[t]he *law enforcement officer directing administration of the test* or tests may act on personal knowledge or on the basis of the collective information available to law enforcement officers involved in the accident investigation or arrest." (Emphasis added.) This language indicates that the officer directing administration of the test includes the officer who investigates the DUI and determines that reasonable grounds exist to request an alcohol test.

Furthermore, in the case of a test refusal, there is no officer who actually administers the test. In this situation, the officer who in-

vestigates the DUI and requests the driver to take an alcohol test is the only officer who could qualify as the "officer directing administration of the testing." As such, it would be unreasonable for a court to conclude that the officer who actually operates the testing equipment is the only officer qualified to serve a suspension notice.

On the other hand, the officer who actually operates the testing equipment is required by law to certify that (1) the testing equipment used was certified by the Kansas Department of Health and Environment (KDHE), (2) the testing procedures used were in accordance with the requirements set out by the KDHE, and (3) the person who operated the testing equipment was certified by the KDHE. K.S.A. 8-1002(a)(3). This officer is also required to sign the DC-27 form if, in fact, this is not the same officer who certified that reasonable grounds existed to request the testing. Thus, by reviewing K.S.A. 8-1002 in its entirety, it is logical to conclude that the officer who actually operates the testing equipment also qualifies as the "officer directing administration of the testing."

Here, Glaser arrested Ashley for DUI and transported him to the Overland Park police station. Glaser asked Ashley to take the breath test, and Glaser gave the requisite implied consent notices to Ashley before the test was administered. Glaser also supervised the 20-minute alcohol deprivation period. Doherty actually performed the breath testing using the Intoxilyzer 5000 device because Glaser was not certified to operate the device. However, Glaser was present during the testing. After Ashley failed the test, both Glaser and Doherty completed and signed the DC-27 form. Glaser then handed the DC-27 form to Ashley. Doherty was still present when Glaser served Ashley with the suspension notice.

Under the facts and circumstances of this case, we agree with the district court that both Glaser and Doherty were qualified to serve Ashley with the DC-27 form pursuant to K.S.A. 8-1002(c). To adopt Ashley's argument would require a highly technical interpretation of the statute which is inconsistent with the remedial nature of the legislation. Because Glaser was an appropriate officer to serve the DC-27 form, we conclude Ashley was properly served

with notice of his driver's license suspension under K.S.A. 8-1002(c). Accordingly, the district court did not err in upholding KDR's suspension of Ashley's driving privileges.

Affirmed.