(133 P.3d 838)

No. 94,635

JASON GUDENKAUF, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*.

Opinion filed May 12, 2006.

*John D. Shultz*, of Kansas Department of Revenue, for appellant.

*J. Ryan Hare*, of Norton, Hare & Angles, L.L.C., of Olathe, for appellee.

Before RULON, C.J., ELLIOTT and GREENE, JJ.

GREENE, J.: The Kansas Department of Revenue (KDOR) appeals the district court's dismissal of driver's license suspension proceedings against Jason Gudenkauf due to the arresting officer's failure to comply with K.S.A. 8-1002(c) by serving Gudenkauf a copy of the officer's certification and notice of suspension, commonly referred to as a DC-27 form, as required by K.S.A. 8-1002(c). We reverse and remand for further proceedings, concluding that service of the form was adequate.

Gudenkauf was arrested for driving while under the influence and transported to jail, where he refused to submit to a breath test. The arresting officer filled out the DC-27 form in Gudenkauf's

presence, but Gudenkauf remained handcuffed due to his "un-cooperative, rude, confrontational," and "bizarre" behavior during transport. The officer testified:

"I finished the document and then thoroughly explained it to Mr. Gudenkauf part by part while placing it in front of his face so he could look at it, and continuously asked him if he had any questions about it, and I went through each part of it right in front of him. I asked him if he would like me to take the handcuffs off so that he could physically touch the document if he wanted to do that. He was looking around from me, refusing to speak to me, and continuously acting bizarre at that time. He wouldn't answer me. So I thoroughly explained all of the parts of it before telling him with great clarity that I was—it was his, that he was being served with it, am now putting it in his property bag, and it was his, in his possession at that point."

Gudenkauf testified that although he recalled sitting in hand-cuffs with the officer at the jail and refusing to answer questions, he did not remember either the officer placing the DC-27 in front of him at any time or offering to remove the handcuffs so he could touch the document. He also confirmed that the officer never touched him with the form and did not place it in his pocket.

Following an administrative hearing, the KDOR affirmed the suspension of Gudenkauf's driver's license for his refusal to submit to alcohol testing. Gudenkauf filed his petition for review with the district court, which dismissed the proceedings, concluding that the arresting officer never personally served Gudenkauf with the DC-27 form as required by the statute. We review the district court's fact findings to determine whether they are supported by substantial competent evidence, but we review questions of law, including statutory construction, de novo. See *Zurawski v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 325, 328, 851 P.2d 1385, *rev. denied* 253 Kan. 864 (1993); *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 (1991).

The transcript of the court's statements from the bench indicate that the court accepted the officer's testimony as true, but simply found the conduct inadequate to effect service:

"[T]here is three things there he says, look at it. Does looking at it, is that an offer to deliver a copy? I don't think so. Take the handcuffs off so he could—if he had any questions about it; well, questions about it, again isn't—he may or may not

have had questions about it, but that's not the purpose of the delivery of it. So—and the other part was, touch it.

". . . He didn't refuse to touch it, he didn't refuse to look at it—well, I'm not sure about that, but he looked away. I don't know if he was looking at the form or not. But even if he looked at it that doesn't satisfy the requirement of personal service, and asking questions about it doesn't satisfy. . . .

". . . [T]he officer didn't testify that the plaintiff ever refused to accept service. He never refused, he just never answered, and the officer took that failure to speak as refusal to be personally served, left him handcuffed, never touched it, so I don't believe there is any evidence that the defendant refused to accept service. He wasn't served . . . ."

The parties concede that K.S.A. 8-1002(c) requires that the DC-27 form must be "served" upon the defendant "by the officer on behalf of the division of vehicles." KDOR argues that "there was delivery, an offer to deliver, and a refusal by the plaintiff's uncooperative threatening conduct" regarding the DC-27 form. KDOR relies on K.S.A. 60-303(d)(4) and an unpublished opinion of this court in *Ortiz v. Kansas Dept. of Revenue*, No. 88,231, filed October 18, 2002.

We agree with KDOR that K.S.A. 60-303(d)(4) is applicable here; that statutory subsection addresses personal service when there is a refusal to accept process.

"In all cases when the person to be served, or an agent authorized by the person to accept service of process, refuses to receive copies thereof, the offer of the duly authorized process server to deliver copies thereof, and the refusal shall be sufficient service of process."

Here, we respectfully disagree with the district court regarding the effect of defendant's refusal to respond to the officer's attempt to deliver the form. The defendant had a clear opportunity to accept the form without compromising his right to remain silent. Under these circumstances, Gudenkauf was "offered" the DC-27, and his actions constituted a refusal to accept the offer to take delivery. Under K.S.A. 60-303(d)(4), Gudenkauf's refusal was sufficient service of the form.

We also agree with KDOR that the *Ortiz* decision is instructive. In *Ortiz*, the DC-27 was placed on the table directly in front of the handcuffed defendant who was told to take the form with him. When the form fell to the floor upon the defendant's movement

from the table, the officer picked it up and placed it in Ortiz' pocket. The court found that "personal service occurred when [the officer] placed the form on the table in front of Ortiz and told him to be sure to take it with him." *Ortiz*, Slip op. at 6. Similarly, the form was also placed before Gudenkauf; additionally, it was explained to him before he was declared served.

Gudenkauf argues that placing the notice in his belongings was not sufficient, citing *Anderson v. Kansas Dept. of Revenue*, 18 Kan. App. 2d 347, 853 P.2d 69, *rev. denied* 253 Kan. 856 (1993). In *Anderson*, however, the defendant was not aware of the DC-27 form or its content until he was released from custody. In contrast, here the form was placed before Gudenkauf and was explained to him in some detail before it was placed in his belongings.

We conclude that placing the form DC-27 within the direct vision of the defendant and explaining its contents to him, together with offering physical delivery and ultimate placement of a copy in defendant's belongings, is adequate to constitute personal service for purposes of K.S.A. 8-1002(c). To require more effective service under these circumstances would potentially imperil officer safety without accomplishing any more effective notice to the defendant of the consequences of his or her decision to decline testing. The district court erred in dismissing the proceedings due to failure of service.

Reversed and remanded for further proceedings.