IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,469

WARREN D. MEATS JR.,
*Appellee/Cross-appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellant/Cross-appellee*.

SYLLABUS BY THE COURT

1.

The $50 fee assessed under K.S.A. 2014 Supp. 8-1020(d)(2) is unconstitutional on its face because it requires a payment of a fee, without provision for indigency, before a motorist can obtain procedural due process to which he or she is entitled before a driver's license is suspended or revoked.

2.

An implied consent advisory that mirrors statutory language is legally sufficient to advise a motorist of the consequences of failing to submit to a postarrest breath test.

3.

The term "evidentiary test" is sufficient to distinguish a postarrest breath test from a preliminary breath test; an implied consent advisory that uses the term "evidentiary test" sufficiently complies with statutory notice requirements.

1

4.

A law enforcement officer who personally hands a form DC-27 notice of suspension of driving privileges to a motorist that failed to complete a breath test, who permits the motorist to read the form, and who subsequently places the form with the motorist's other property has complied with the personal service requirement of K.S.A. 2014 Supp. 8-1002(c).

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed August 23, 2019. Affirmed.

*Dwight R. Carswell*, assistant solicitor general, argued the cause, and *J. Brian Cox*, deputy general counsel, Kansas Department of Revenue, *Jeffrey A. Chanay*, chief deputy attorney general, and *Bryan C. Clark*, assistant solicitor general, were with him on the briefs for appellant.

*Jay Norton*, of Norton Hare, L.L.C., of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Kansas Department of Revenue (KDOR) appeals the Johnson County District Court's ruling that the $50 fee mandated by K.S.A. 2014 Supp. 8-1020(d)(2) to gain administrative review of a driver's license suspension is unconstitutional. Warren D. Meats Jr. cross-appeals the district judge's order affirming his license suspension, arguing that the arresting officer failed to comply with the statutorily mandated implied consent advisories and that the arresting officer failed to comply with the personal service requirements of K.S.A. 2014 Supp. 8-1001(c).

We have considered these identical issues in *Creecy v. Kansas Dept. of Revenue*, 310 Kan. ___, ___ P.3d ___, (No. 117,035, this day decided), slip op. at 3, and have held

that the $50 fee requirement in K.S.A. 2014 Supp. 8-1020(d)(2) is facially unconstitutional. We therefore affirm the district court's ruling on the fee issue, but because Meats did not appeal the district court's ruling that the issue was moot as to him, he is not entitled to any relief in this appeal. We find no merit to Meats' other claims, and affirm the suspension of his driver's license.

FACTUAL AND PROCEDURAL OVERVIEW

Following his arrest for DUI in March 2014, Meats refused to submit to a post-arrest evidentiary breath test to measure his blood alcohol content (BAC) while at the Olathe jail. Olathe Police Officer John Forcier testified that his standard procedure was to give the required implied consent advisories per K.S.A. 2014 Supp. 8-1001(k), both orally and using the DC-70 written form, advising Meats of his rights and the potential penalties for failure or refusal. Once Meats refused the test, Officer Forcier would have provided him with the Officer's Certification and Notice of Suspension form—Form DC-27—notifying Meats that his license was being administratively suspended for a refusal of a BAC test. Although Officer Forcier testified to the standard procedure he followed under these circumstances, he was unable to specifically recall the events and procedures used during Meats' arrest.

Meats testified that he received some paperwork but he did not know whether it included a DC-70 or a DC-27. He did acknowledge receiving a pink copy of a form, which would have been consistent with a DC-27 form. Further, he admitted that the DC-27 form was with his other belongings when he was released from jail.

Meats requested an administrative hearing, pursuant to K.S.A. 2014 Supp. 8-1020(a)(1), to challenge the suspension of his driver's license. The KDOR administrative law judge affirmed the suspension, and Meats petitioned for de novo review in Johnson

3

County District Court. In those proceedings, Meats argued that he did not receive personal service of the DC-27 as required by statute; that the DC-70 did not substantially comply with K.S.A. 2014 Supp. 8-1001; and that the $50 fee required by K.S.A. 2014 Supp. 8-1020(d)(2) to obtain an administrative hearing was unconstitutional.

After a hearing conducted January 15 and February 19, 2016, Johnson County District Judge Kevin Moriarty affirmed the driver's license suspension and found that the DC-70 complied with the statute, and that Meats received personal service of the DC-27. But the district court ruled that K.S.A. 2014 Supp. 8-1020(d)(2)'s requirement that a driver pay a $50 fee to get an administrative hearing on the driver's license suspension was unconstitutional, albeit the issue was moot with respect to Meats. Specifically, the district court held:

> "The constitutional challenge with respect to Meats is moot because he paid the $50 fee. Thus, his driver's license shall remain suspended. However, subsequent to this ruling, K.S.A. 8-1020(d) is unconstitutional because it lacks reasonable accommodations for indigent drivers to obtain an initial administrative hearing. This amounts to the State depriving the driver of his or her license without procedural due process."

KDOR filed a motion to alter or amend pursuant to K.S.A. 60-259(f); the district court held a hearing on June 29, 2016, and denied the motion. Judge Moriarty explicitly stated that his intent was to have the issue of the indigent waiver reviewed by an appellate court:

> "[T]his is something that needs to be addressed by the legislature. Here is what my intent is. Someone can be [*sic*] a 1983 action. They can't afford to do that, especially because it is going to be have to be somebody that is not indigent doing it for a person who is indigent. It isn't going to happen. All I want to do is have this be reviewed, the Court of Appeals or the Supreme Court say I am right or wrong. But what will happen is . . . the

4

legislature is going to put in their [*sic*] subject to maybe the exact wording that is in the—
that indigents can have it under the review."

KDOR timely appealed directly to this court. This court has jurisdiction under K.S.A. 60-2101(b), based on the district court's finding that K.S.A. 2014 Supp. 8-1020(d)(2) is unconstitutional ("An appeal from a final judgment of a district court in any civil action in which a statute of this state or of the United States has been held unconstitutional shall be taken directly to the supreme court.").

Meats cross-appealed, arguing that the DC-70 did not substantially comply with statutory requirements and that Meats did not receive personal service of the DC-27. Pointedly, Meats did not challenge the district court finding that the constitutional challenge was moot as to him.

CONSTITUTIONALITY OF MANDATORY FEE FOR DUE PROCESS HEARING

Our decision today in *Creecy*, 310 Kan. at ___, slip op. at 3, 7, establishes that the $50 fee imposed by K.S.A. 2014 Supp. 8-1020(d)(2) is unconstitutional on its face because it requires payment of a fee, without provision for indigency, before a motorist can obtain procedural due process to which he or she is entitled before a driver's license is suspended or revoked.

Consequently, we affirm the district court's ruling that this portion of the statute is unconstitutional. Nevertheless, the facial unconstitutionality of one provision in a statute does not necessarily make the entire statute null and void. Cf. *State v. Gould*, 271 Kan. 394, Syl ¶ 3, 23 P.3d 801 (2001) (facial unconstitutionality of scheme for imposing upward departure sentences in K.S.A. 2000 Supp. 21-4716 did not affect downward departure provisions in the same statute). Consequently, Meats' remedy in this case is not

the restoration of his driving privileges, but rather the most that he would be entitled to would be a refund of the $50 fee. But Meats did not appeal the district court's determination that his challenge to the $50 fee was moot, so he gets no relief here.

THE IMPLIED CONSENT ADVISORY COMPLIES WITH STATUTORY REQUIREMENTS

Meats argues that the implied consent advisory form, DC-70, did not substantially comply with K.S.A. 2014 Supp. 8-1001(k)(4)(A) and K.S.A. 2014 Supp. 8-1013(i). The thrust of Meats' argument is that the DC-70 does not sufficiently differentiate the refusal or failure to complete a postarrest evidentiary test, which can lead to additional sanctions, and a refusal to submit to a prearrest preliminary breath test (PBT) which is not subject to sanctions and which has limited admissibility in later proceedings.

We have considered this identical argument in *Creecy* and have found it to be unavailing. *Creecy*, 310 Kan. at ___, slip op. at 21-24. The DC-70 in this case is the same as the form used in *Creecy*, which we found to sufficiently comply with statutory directives. The phrase "evidentiary test," which K.S.A. 2014 Supp. 8-1013(i) refers to in its definition of "test refusal" is sufficient to distinguish the postarrest BAC test from the prearrest PBT, and the language in the DC-70 form used in this case nearly mirrors the statutory language. Under *Fisher v. DeCarvalho*, 298 Kan. 489, 490, 314 P.3d 214 (2013), and *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 213, 755 P.2d 1337 (1988), substantial compliance with statutory language is what is required, and that level of compliance was met here. We find Meats' arguments unavailing.

6

MEATS RECEIVED PERSONAL SERVICE OF THE NOTICE OF SUSPENSION

Meats argues that he was not personally served with the DC-27 form, which is the officer's certification of a test refusal and notice of license suspension, as required by K.S.A. 2014 Supp. 8-1002(c).

*Standard of Review*

Factual findings are reviewed for substantial competent evidence; questions of law are reviewed de novo. *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014); *Fisher*, 298 Kan. at 488 (whether statutory provisions regarding personal service were followed is reviewed de novo); *Gudenkauf v. Kansas Dept. of Revenue*, 35 Kan. App. 2d 682, 683, 133 P.3d 838 (2006).

*Analysis*

This issue was also argued in *Creecy*, where we found that the officer complied with the statutory requirements for service of the DC-27. *Creecy*, 310 Kan. at ___, slip op. at 16-19. We reach the same result here.

Although Officer Forcier testified that he personally served Meats with a copy of the DC-27, his testimony was not based on independent recollection; rather, it was based on that being his standard practice in the course of hundreds of DUI cases over a 10-year period. For his part, Meats testified that while he remembered getting paperwork, he did not remember specifically if he got the DC-27 or other forms. Meats testified that he was given the paperwork while he was still in handcuffs and that the DC-27 was in his belongings when he was released from jail. Meats agreed that one of the pieces of

7

paperwork was pink, and the parties established that the copy of the DC-27 given to a driver is pink.

The district court's findings of fact amount to a conclusory statement that "Meats's [*sic*] arguments regarding the oral notice not being properly read to him and the alleged improper service of the DC-27 are non-issues because [Officer] Forcier substantially complied with the statute." The district court appears to have combined the analysis of whether the DC-70 complies with the statute with the analysis of whether Meats received personal service of the DC-27.

But Meats does not make the specific argument that the district court's implicit finding that Officer Forcier personally served the DC-27 form was not supported by substantial competent evidence. Critically for Meats, he has the burden of proof to show that he did not receive personal service and that the agency decision should be set aside. K.S.A. 2014 Supp. 8-1020(k), (q). The DC-27 itself contains a place for the officer to indicate that the motorist has been personally served with the form; and Meats did not show by a preponderance of evidence that this fact was untrue. Rather, Meats reiterates the arguments also made in *Creecy* that strict compliance is the proper standard, rather than substantial compliance. But, as in *Creecy*, the evidence before us shows that Officer Forcier complied with the statute and served Meats with the DC-27 under any standard.

We affirm the district court's ruling on the unconstitutionality of K.S.A. 2014 Supp. 8-1020(d)(2) and the affirming of Meats' driver's license suspension.

STEGALL, J., concurs in the result.