NOT DESIGNATED FOR PUBLICATION

No. 126,637

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JONATHAN K. ROBY,
*Appellant*,

v.

KANSAS DEPARTMENT OF REVENUE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Lane District Court; BRUCE GATTERMAN, judge. Submitted without oral argument. Opinion filed August 1, 2025. Affirmed.

*Kip Johnson*, of Johnson Fletcher, LLC, of Hays, for appellant.

*Ashley R. Iverson*, of Legal Services Bureau, Kansas Department of Revenue, for appellee.

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PICKERING, J.:  Jonathan K. Roby appeals the district court's decision affirming the administrative suspension of his driver's license by the Kansas Department of Revenue (KDOR). Roby argues the arresting officer failed to properly serve him with a notice of driver's license suspension as required by K.S.A. 8-1002(c). After reviewing the issues presented, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

On December 10, 2021, Deputy Zachary Orr initiated a traffic stop of Roby's vehicle for speeding. During the traffic stop, Orr found that Roby appeared intoxicated and conducted a DUI investigation. Given Roby's responses, Orr arrested Roby for suspected intoxication while driving and transported him to the Lane County Sheriff's Department in the courthouse for further DUI testing. At the courthouse, Orr provided Roby with a DC-70 form and read aloud the implied consent advisories. Roby agreed to submit to an evidentiary breath test, which indicated he had a blood alcohol content of 0.191.

Given these breath testing results, Roby's driving privileges were suspended. Roby requested an administrative hearing, which occurred in June 2022. At the hearing, Roby raised several issues, including challenging the adequacy of the suspension notice that Orr provided him following the evidentiary breath test. After considering Roby's arguments, the hearing officer found that the deputy had properly served Roby with a copy of the required statutory suspension notice and affirmed Roby's suspension.

Roby petitioned the district court for judicial review of his driver's license suspension, raising the improper service issue again. The KDOR timely answered, including attachments of the agency record under K.S.A. 77-620. At the evidentiary hearing, both Orr and Roby testified. Orr began by recounting the circumstances of the traffic stop and Roby's eventual arrest. Orr stated the first action he did when arriving at the courthouse was place Roby in the interview office to start the 20-minute deprivation period. Before conducting an arrest interview, the deputy also provided Roby with the DC-70 warnings in written form.

Orr was able to administer the Intoxilyzer 9000 breath test using the correct procedures. Once Roby provided a sufficient test sample, Orr answered a series of

questions electronically on the Intoxilyzer machine to generate a two-page DC-27e form. In this case, the DC-27e form consisted of two pages. The first page contained the officer's certification and notice of suspension. The second page contained the statutory notice of suspension and procedures for requesting an administrative hearing. Orr said he "set those aside" and began preparing bond paperwork for Roby.

At first, Orr said he could not remember exactly what happened but believed that he gave a copy of both pages of the DC-27e form to Roby or Roby's girlfriend prior to them leaving the courthouse. During the hearing, Roby's counsel played Orr's bodycam video of the encounter and proceeded to question him about what it depicted. Orr agreed that the video showed him handing a document that looked like the DC-27e form to Roby's girlfriend. Orr could not tell if the video showed one or two sheets of paper. He later testified that he showed Roby the DC-27e form and explained that it would be his temporary license.

Roby testified that after he was arrested and completed the breath test, Orr denied his requests for a blood test. He remembered Orr began filling out bond paperwork while he was asking for a blood test but said that Orr did not hand him any paperwork. Roby said Orr gave his girlfriend the bond paperwork and one sheet of the DC-27 with nothing on the reverse side. Orr's explanation was "very minimal," stating only that "you're going to use that as a driver's license." Upon his release Roby contacted an attorney within 48 hours, who advised him to request an administrative hearing.

After the hearing, the district court took the case under advisement to review the deputy's bodycam video. About a month later, the district court entered an order affirming the suspension of Roby's driving privileges. The court found Roby failed to meet his burden of proof that he was inadequately served with the notice of suspension. The court found the bodycam video showed that Orr tried to explain or show the DC-27e form to Roby—who was talking loudly and interrupting Orr—before eventually handing

3

the documents to Roby's girlfriend. The court also found Roby suffered no prejudice because he was able to fully pursue an administrative appeal, relying on several unpublished opinions from this court holding that substantial compliance with the personal service requirement of K.S.A. 8-1002(c) is sufficient. Orr appealed, again challenging the district court's ruling that Roby was properly served with the notice of suspension.

From our review of the record, we were not certain as to the district court's factual findings concerning Orr's service of the DC-27e form to Roby. Therefore, we issued an order for the district court to provide additional factual findings.

Upon reviewing Orr's bodycam video, which contained four segments, the district court issued an order of supplemental findings of fact. The court found that "both parts of the DC-27e were delivered separately to Roby's girlfriend" in "confirmation of Orr's testimony at trial." Upon review of the district court's supplemental order of factual findings, we provided both parties an opportunity to file additional briefing; however, both parties declined to do so.

ANALYSIS

Roby challenges the district court's ruling that he was properly served with the notice of license suspension as required by K.S.A. 8-1002(c).

*Standard of review*

Appeals from the administrative suspension of driver's licenses are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. K.S.A. 8-259(a). As the party asserting error, Roby bears the burden of proving the invalidity of the agency action. See K.S.A. 77-621(a)(1); K.S.A. 8-1020(q).

4

Appellate courts review a district court's factual findings in driver's license suspension cases for substantial competent evidence. *Creecy v. Kansas Dept. of Revenue*, 310 Kan. 454, 469, 447 P.3d 959 (2019). The district court's legal conclusions derived from those factual findings are reviewed de novo. *Casper v. Kansas Dept. of Revenue*, 309 Kan. 1211, 1213, 442 P.3d 1038 (2019). "Substantial competent evidence is '"evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved."'" *Creecy*, 310 Kan. at 469. Appellate courts must not reweigh evidence but must determine whether the record supports the district court's findings. *Jarvis v. Kansas Dept. of Revenue*, 312 Kan. 156, 171-72, 473 P.3d 869 (2020). Resolving the issues presented in this appeal also requires statutory interpretation, which presents a question of law subject to unlimited review. *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022).

*Discussion*

Under K.S.A. 8-1002(c), when an officer determines that a person has failed a breath test: "[T]he officer shall serve upon the person notice of suspension of driving privileges . . . . If the determination is made while the person is still in custody, service shall be made in person by the officer on behalf of the division of vehicles." Under the same statute: "[T]he law enforcement officer's certification and notice of suspension" must include, among other things, information about "the right of the person to request an administrative hearing [and] the procedure the person must follow to request an administrative hearing." K.S.A. 8-1002(d)(4)-(5). The plain language of K.S.A. 8-1002(c) only requires personal service of the notice of suspension, not the officer's notice of certification.

In its supplemental order of factual findings relating to Orr's service of the DC-27e form, the district court explained how it had reviewed Orr's bodycam video when Orr and Roby were in the sheriff's office. The court found that Orr had placed "a single page

directly in front of [Roby], which is the Notice of Suspension and [the] second page of the DC-27e." Orr then advised Roby that the "document represents his driver's license for the next 30 days." After taking the notice of suspension away, Orr "advised Roby that the document would go in his property with Roby's registration . . . ." Orr then folded the suspension notice "to place with Roby's registration." The court noted that the video also showed Orr handing "the first page of DC-27e (the driver's certification) to Roby's girlfriend." That is, Orr attempted to hand over the DC-27e to Roby, "while explaining it to Roby's girlfriend in Roby's presence, but due to Roby's repeated interruption, Orr handed the driver certification directly to [Roby's] girlfriend."

From the district court's review of another segment of the video, Orr presented the first page of the DC-27e to Roby's girlfriend by folding it up and handing it to her. The court noted that the "second page Notice of Suspension was delivered to Roby's girlfriend with his wallet and vehicle registration." When Orr delivered "all of these items" to Roby's girlfriend, Roby was standing next to her. Consequently, "[i]n confirmation of Orr's testimony at trial," the court found that "both parts of the DC-27e were delivered separately to Roby's girlfriend."

In its earlier ruling, the district court found that undisputed evidence showed "that Roby was fully able to pursue an administrative appeal in accordance with the notification provided in the [DC-27e] and that he suffered no prejudice through any claimed failure of Orr to personally serve him with both pages of the [DC-27e]." Thus, even if there had been inadequate notice of service, Roby failed to show he had been prejudiced by any lack of notice.

From these factual findings, the district court concluded that Orr substantially complied with the personal service requirement of K.S.A. 8-1002(c) because Orr had attempted to deliver the DC-27e form to Roby and Orr delivered "both parts" of the DC-27e form to Roby's girlfriend. Roby also suffered no prejudice because he received his

6

temporary driver's license and had full opportunity to exercise his rights for an administrative hearing. In reaching this conclusion, the district court adopted the reasoning expressed in *Gomez v. Kansas Dept. of Revenue*, No. 123,623, 2022 WL 881790, at \*5 (Kan. App. 2022) (unpublished opinion), which—adhering to the reasoning of several prior panels—held that substantial compliance with the personal service requirement is sufficient.

"Personal service" includes "*delivering or offering to deliver* a copy of the process and petition or other document to the person to be served." (Emphasis added.) K.S.A. 2024 Supp. 60-303(d)(1)(A). Here, the district court considered several cases, including *Creecy* and *Gomez*, in determining that substantial compliance with the personal service requirement is sufficient and Orr had substantially complied with the notice of service statute. Both cases are instructive here.

In *Creecy*, the driver argued he did not receive personal service because the officer took back the DC-27 form after handing it over, then later placed it in the driver's belongings. Although the parties disputed whether strict or substantial compliance with the personal service requirement applied, the Kansas Supreme Court found it did not need to answer the question because the evidence showed the officer personally served the driver. 310 Kan. at 468. The *Creecy* court also recognized the definition of "personal service" under the Kansas Code of Civil Procedure applied because review of driver's license suspension cases is controlled by the KJRA. *Creecy*, 310 Kan. at 467.

Although *Creecy* does not resolve the question about strict versus substantial compliance, *Gomez* held that substantial compliance with the personal service requirement is sufficient. 2022 WL 881790, at \*4-5. There, the officer explained to the driver—who had failed a breath test—that the DC-27 form would serve as her temporary driver's license and told her that she had 30 days to contact the administrative hearing office about the suspension of her driver's license. The officer then folded the DC-27

7

form and placed it with other documents on the desk in front of Gomez, further indicating that it would be placed with her property at the jail. Gomez later received the DC-27 form upon her release from jail.

Roby agrees *Gomez* is factually similar but asserts the panel in that case "did not rule on whether strict compliance was required on personal service, rather it ruled that the officer's actions fulfilled the requirements of the statute." Contrary to Roby's suggestion, the panel in *Gomez* held that substantial compliance is sufficient to comply with the personal service requirement of K.S.A. 8-1002(c) because it agreed with the district court's analysis, which had adopted the reasoning of several other prior panels. 2022 WL 881790, at *4-5. As noted in *Gomez*, prior panels recognized that K.S.A. 8-1001(u) states the law on the administrative suspension of driver's licenses is "'remedial' in nature" and "'shall be liberally construed to promote public health, safety and welfare.'" 2022 WL 881790, at *5. We agree with this well-reasoned analysis and hold that strict compliance is not necessary to comply with the personal service requirement of K.S.A. 8-1002(c).

Roby's argument is not that strict compliance is necessary. Instead, Roby asserts that "in order for a Court to decide if there was substantial compliance, there must be *some* compliance." He claims that the facts in this case are distinguishable from the cases which held that substantial compliance is sufficient. He contends the evidence of substantial compliance was lacking because he never received the second page of the DC-27e form. As support, he asserts Orr's bodycam video only appears to show that he gave Roby's girlfriend the first page of the DC-27e form. In the supplemental order, however, the district court had reviewed all of the segments of Orr's bodycam video and found: "In confirmation of Orr's testimony at trial, both parts of the DC-27e were delivered separately to Roby's girlfriend."

Additionally, under K.S.A. 60-303(d)(4), "when the person to be served, or an agent authorized by the person to accept service of process, refuses to receive the process,

the offer of the duly authorized process server to deliver the process, and the refusal, is sufficient service of process." See also *Gudenkauf v. Kansas Dept. of Revenue*, 35 Kan. App. 2d 682, 684, 133 P.3d 838 (2006) (affirming suspension of driver's license where officer placed DC-27 form in driver's direct vision and explained contents then placed form in driver's personal belongings).

According to Roby, a review of the cases cited in the district court's decision—particularly *Creecy* and *Gomez*—reflects that the officer must at least show or explain the notice of suspension to the driver and then place it into the driver's personal property. Roby disputes that the evidence demonstrates that Orr showed him the first page of the DC-27e form containing the officer's certification required by K.S.A. 8-1002(a)(2). On that page, Orr certified that through personal service, "[a] copy of this document which contains a Notice of Driver's License Suspension is being served on the above-named person[.]" While this certification would not establish personal service occurred by itself, as the district court noted, the evidence shows this page was at least placed near Roby and placed in his personal belongings.

Further, K.S.A. 8-1002(c) does not require an explanation of the notice of suspension, only that the officer personally serve it upon the driver. Even so, Orr sought to explain or show the DC-27e form to Roby, who proceeded to talk loudly and repeatedly interrupt, before Orr ultimately handed the documents to Roby's girlfriend. Roby's actions can be deemed a refusal, particularly his statement that "'[i]t doesn't matter'" in response to Orr asking if he could explain the documents to Roby's girlfriend.

Roby also focuses on the evidence that Orr never specifically showed him the second page of the DC-27e form. But the district court did not base its decision entirely on resolving the factual dispute about whether Orr gave or showed both pages of the DC-27e to Roby. Instead, the court found the evidence showed Orr substantially complied because (1) he tried to serve the DC-27e form but was interrupted by Roby; and (2) Roby

9

was not prejudiced since he managed to exercise his rights to fully pursue an administrative appeal. Roby does not contest this finding that Orr tried to serve him with both pages of the DC-27e form, so that point should be deemed abandoned. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017). As a result, we find there was substantial competent evidence in the record to support the district court's finding that Orr attempted to personally serve Roby with the DC-27e.

Last, Roby asserts he was prejudiced because he only learned about his right to request an administrative hearing after hiring a lawyer. He merely hypothesizes that a driver who fails to timely request a hearing would have no recourse because he or she received no notice and asserts that failing to personally serve the notice of suspension should deprive the KDOR of jurisdiction. But we have refused to treat strict compliance with K.S.A. 8-1002 as jurisdictional. See *Sandate v. Kansas Dept. of Revenue*, 58 Kan. App. 2d 450, 455, 471 P.3d 700 (2020) (equating DC-27 form to charging document in criminal case, which does not bestow or confer subject matter jurisdiction). These assertions are also not evidence, and Roby points to no evidence or explanation to show that his ability to pursue an appeal was limited in any way. Thus, we find the evidence shows Roby was not prejudiced.

Affirmed.

\* \* \*

ATCHESON, J., concurring: I concur in the result upholding the Lane County District Court's decision affirming the administrative suspension of Jonathan K. Roby's driving privileges for a failed alcohol breath test. Taken together, the district court's original and supplemental factual findings show that Sheriff's Deputy Zachary Orr personally served Roby with a driver's certification and notice of suspension after the failed breath test. Roby has based his appeal on his purported failure to receive the notice

of suspension. But that premise is factually unsupported, given the district court's supplemental findings. Both Roby and the Kansas Department of Revenue were given the opportunity to present additional arguments to us based on the supplemental findings. Neither did. We, therefore, have no reason to discount those findings. And they sufficiently support the district court's legal conclusion affirming the suspension.

I add a few other observations. First, pertinent to this point, Deputy Orr handed the paperwork to Roby's girlfriend as she stood next to Roby. Roby was rather obstreperously attempting to debate Deputy Orr, at least complicating the handoff. I agree a law enforcement officer must substantially comply with the statutory requirement for personal service, and I believe Deputy Orr did so here. In the realm of the less pertinent, it's not clear to me that the driver's certification and the notice of suspension are separate documents, as the majority suggests. They may compose a single, integrated document. Either way, Deputy Orr adequately served Roby with the driver's certification and notice of suspension.

Because Roby was properly served, the majority's discussion of lack of prejudice or harmless error as an alternative basis for affirming the district court is irrelevant. We need not address the issue, and I would say no more than that in this case.