NOT DESIGNATED FOR PUBLICATION

No. 118,182

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARIO CASTANEDA,
*Appellant*,

v.

ALG TRANSPORT SERVICES, INC.

and

KANSAS WORKERS COMPENSATION FUND,
*Appellees*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed July 6, 2018. Reversed and remanded with directions.

*Kip A. Kubin*, of Bottaro, Kubin & Yocum, P.C., of Leawood, for appellant.

*Ronald P. Wood*, of Clyde & Wood, L.L.C., of Overland Park, for appellee Kansas Workers Compensation Fund.

No appearance by appellee ALG Transport Services, Inc.

Before HILL, P.J., PIERRON and MALONE, JJ.

PER CURIAM: Mario Castaneda was injured on the job. As a result of his injury, an administrative law judge (ALJ) awarded Castaneda temporary total disability (TTD) compensation in the amount of $14,105.22. But on administrative appeal, the Kansas Workers Compensation Board (Board) reversed the TTD award because of insufficient

1

evidence. Castaneda appeals the Board's decision and argues that the Board lacked authority to set aside the TTD award because the respondent had failed to contest that award before the ALJ. We agree with Castaneda's claim, reverse the Board's decision to set aside the TTD award, and remand with directions to reinstate the TTD award.

FACTS

In December 2014, Castaneda worked for ALG Transportation Services, Inc. (ALG), a Kansas corporation, located in Overland Park, Kansas. ALG is a small trucking company that transports cargo. Alberto Lizarazo owns ALG.

On December 18, 2014, Castaneda wrecked an ALG truck while hauling a load in Johnson County, Kansas. The icy and snowy weather conditions contributed to the accident. Castaneda injured his ribs in the accident and he was taken to the emergency room for treatment. He immediately reported the accident to Lizarazo. All parties later stipulated that Castaneda was injured from the accident, the accident occurred in the scope of employment, and Castaneda and ALG were in an employee and employer relationship when the accident occurred.

On April 2, 2015, Castaneda filed an application for hearing with the Division of Workers Compensation. ALG did not carry workers compensation insurance, so Castaneda impleaded the Kansas Workers Compensation Fund (Fund). ALG did not provide Castaneda with medical care following his injury. Then, on April 28, 2015, Castaneda filed an application for a preliminary hearing.

At the preliminary hearing on June 30, 2015, Castaneda and the Fund were represented by counsel but Lizarazo appeared pro se on behalf of ALG. The ALJ directed the Fund to compensate Castaneda for his TTD and also authorized Dr. Vito Carabetta to treat Castaneda at the Fund's expense. These orders were not contested by any of the

2

parties. The ALJ filed a preliminary order dated July 1, 2015, that stated: "Temporary Total Disability benefits to be paid at the weekly rate of $400 commencing April 7, 2015 and continue until released to substantial, gainful employment or at MMI by Dr. Vito J. Carabetta."

As the case progressed, the parties deposed many people, including Carabetta and Lizarazo. In addition, the ALJ conducted a regular hearing on November 22, 2016, in which Castaneda was the only witness. At the time of the regular hearing, ALG was represented by counsel. Castaneda, ALG, and the Fund all filed submission letters to the ALJ, and none of the parties indicated in their submission letters that the TTD award was an issue at the regular hearing. In fact, each submission letter stipulated "[t]hat the Fund has paid 47 weeks of temporary total compensation at the rate of $400.00 for a total payment of $18,804.00."

On March 6, 2017, the ALJ rendered a final decision. Based on Carabetta's unrefuted testimony that Castaneda suffered a 15 percent impairment under the AMA Guides to the Evaluation of Permanent Impairment (4th ed. 1995), the ALJ awarded Castaneda permanent partial disability payments totaling $18,697.24. The ALG also awarded Castaneda TTD for 43.71 weeks at $322.70 per week for a total of $14,105.22. Because the Fund had already paid Castaneda $18,804 in TTD compensation, the ALJ ordered that the excess TTD award be deducted from the permanent partial disability award. The ALJ directed the Fund to pay the entire compensation award, as ALG could not pay.

ALG appealed the ALJ's decision to the Board. After filing the application for review by the Board, ALG's counsel withdrew from the case. In a pro se brief to the Board filed by Lizarazo, ALG argued that the TTD award should be reversed because of insufficient evidence. Castaneda's brief to the Board argued that the Board should not

3

address the TTD award because the award had not been contested before the ALJ. The Fund's brief to the Board took no position on the TTD issue.

On August 3, 2017, the Board issued its order modifying the ALJ's award. In the order, the Board increased the total permanent partial disability compensation from $18,697.24 to $20,088.08. The Board, however, reversed the TTD award. The Board's order acknowledged that ALG had the opportunity to dispute Castaneda's request for TTD, but did not do so. The Board stated that "Lizarazo knew about the preliminary hearing and proceeded on a pro se basis. Respondent had the opportunity to be heard and present arguments [about whether the claimant is entitled to compensation for TTD], consistent with K.S.A. 2014 Supp. 44-534a(a)(2), but opted not to take advantage of the chance." Nevertheless, the Board found that Castaneda did not prove his entitlement to TTD based on the record. The Board offset Castaneda's $20,088.08 award for permanent partial disability by $18,804 paid for TTD and $100 in unearned wages, reducing Castaneda's final award to $1,184.08. Castaneda timely appealed the Board's order.

ANALYSIS

On appeal, Castaneda argues that the Board lacked authority to set aside the TTD award because that award had not been contested before the ALJ. Castaneda contends that the parties stipulated that he was entitled to TTD compensation at the regular hearing before the ALJ. Castaneda further contends that under K.S.A. 2017 Supp. 44-555c(a), the Board obtains jurisdiction only over issues raised before the ALJ.

The Fund's four-page brief does not directly address Castaneda's argument about the language of K.S.A. 2017 Supp. 44-555c(a). After reciting the facts and the applicable standard of review, the Fund argues: "This is a difficult case for all parties involved. The Respondent did not hire an attorney even though he was told he needed one." The Fund then states: "It is not clear whether the Respondent knew what he was stipulating to or

4

had an idea what the stipulations meant. However, the Respondent did object to any compensation being paid to the Claimant in this case and that was made clear from the start." Notably, ALG filed no brief in this appeal.

K.S.A. 2017 Supp. 44-556(a) directs that final orders of the Board are subject to review under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. The standard of review will vary depending on the issue raised. See K.S.A. 2017 Supp. 77-621 (defining and limiting scope of review of administrative decisions under KJRA). Resolution of the issue raised in this appeal comes down to whether the Board exceeded its jurisdictional boundaries when it reversed the TTD award. Whether jurisdiction exists is a question of law subject to unlimited review. *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 837, 367 P.3d 1252 (2016).

As administrative agencies, like the Board, are created by statute, their authority is only as broad as the statute creating the agency specifies. Stated differently, all administrative agencies' jurisdiction is statutorily limited. See *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, 455-56, 228 P.3d 403 (2010).

For the Board, K.S.A. 2017 Supp. 44-555c(a) grants it jurisdiction to hear appeals from decisions by the ALJ. This statute states in relevant part:

> "The board shall have *exclusive jurisdiction* to review all decisions, findings, orders and awards of compensation of administrative law judges under the workers compensation act. The review by the appeals board shall be upon questions of law and fact as presented and shown by a transcript of the evidence and the proceedings as presented, *had and introduced before the administrative law judge*." (Emphases added.) K.S.A. 2017 Supp. 44-555c(a).

Based on this statute, the Board obtains jurisdiction only over issues raised before the ALJ. See *Sachs v. City of Topeka*, No. 110,872, 2014 WL 5849254, at *2-3 (Kan.

5

App. 2014) (unpublished opinion) (finding that the Board lacked jurisdiction to consider issues not raised before the ALJ); see also *Linenberger v. Kansas Dept. of Revenue*, 28 Kan. App. 2d 794, 797, 20 P.3d 1290 (2001) (limiting parties to raising issues on appeal to this court to issues raised at the administrative hearing).

Here, the ALJ held a preliminary hearing on June 30, 2015. Castaneda and the Fund were represented by counsel but ALG appeared pro se. At the preliminary hearing, the ALJ directed the Fund to compensate Castaneda for his TTD and also authorized Dr. Carabetta to treat Castaneda at the Fund's expense. These orders were not contested by any of the parties.

The ALJ conducted a regular hearing on November 22, 2016. Castaneda, ALG, and the Fund all filed submission letters to the ALJ, and none of the parties indicated in their submission letters that the TTD award was an issue at the regular hearing. In fact, each submission letter stipulated that the Fund had paid 47 weeks of temporary total compensation at the rate of $400 per week for a total payment of $18,804. The ALJ modified the TTD award to $14,105.22, but only because of an adjustment in the number of weeks covered by the award and the average weekly wage.

Lizarazo's pro se brief to the Board argued that the TTD award should be reversed because of insufficient evidence. Castaneda's brief to the Board argued that the Board should not address the TTD award because the award had not been contested before the ALJ. The Board's order acknowledged that ALG had the opportunity to dispute Castaneda's request for TTD, but did not do so. Nevertheless, the Board found that Castaneda did not prove his entitlement to TTD based on the record. The Board's order did not cite or discuss K.S.A. 2017 Supp. 44-555c(a), and the Board did not explain its jurisdiction to set aside the TTD award.

6

Castaneda argues that the parties stipulated that he was entitled to TTD compensation. Technically, this assertion is incorrect. The parties stipulated that the Fund had paid 47 weeks of temporary total compensation at the rate of $400 for a total payment of $18,804, but the parties did not stipulate to the legitimacy of this award.

That being said, the record supports Castaneda's assertion that the TTD award was not contested before the ALJ. The ALJ's decision identified the "nature and extent of claimant's disability" as an issue, referring to Castaneda's claim for permanent partial disability. The ALJ modified the TTD award to $14,105.22, but only because of an adjustment in the number of weeks covered by the award and the average weekly wage. The ALJ made no other findings to support the TTD award because none of the parties had indicated in their submission letters that the TTD award was an issue.

On September 8, 2016, Lizarazo sent a letter to counsel of record, with a copy to the Kansas Division of Workers Compensation, stating that he completely disputed any compensation being paid to Castaneda as a result of his work-related accident. Lizarazo's pro se brief to the Board also made it clear that he objected to any compensation being paid to Castaneda. Lizarazo argued that Castaneda should not have been driving the truck on the date of his injury because of the adverse weather conditions, so ALG was not responsible for the claims. But these general denials of any liability do not change the fact that Castaneda's TTD award was not specifically contested before the ALJ. The Board set aside the TTD award because of insufficient evidence, but the only reason there was insufficient evidence was because the TTD award was not challenged at the regular hearing before the ALJ.

We conclude that under K.S.A. 2017 Supp. 44-555c(a), the Board lacked jurisdiction to set aside the TTD award because ALG had failed to contest that award before the ALJ. The Board's order acknowledged as much when it found that ALG had the opportunity to dispute Castaneda's request for TTD, but failed to do so. Thus, we

7

reverse the Board's decision to set aside the TTD award, and we remand with directions for the Board to reinstate Castaneda's TTD award in the amount of $14,105.22.

Reversed and remanded with directions.