NOT DESIGNATED FOR PUBLICATION

No. 123,868

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TYLER HANEY,
*Appellant*,

v.

CITY OF LAWRENCE,
*Appellee*.

MEMORANDUM OPINION

Appeal from Workers Compensation Board. Opinion filed April 22, 2022. Affirmed.

*Bruce Alan Brumley* and *Chloe Elizabeth Davis*, of Brumley Law Office, of Topeka, for appellant.

*Kip A. Kubin*, of Wallace Saunders, Chtd., of Overland Park, for appellee.

Before HILL, P.J., POWELL and CLINE, JJ.

PER CURIAM: Tyler Haney challenges the dismissal of his workers compensation claim under K.S.A. 2020 Supp. 44-523(f)(2) for his failure to prosecute it. Haney claims this deadline was tolled by Kansas Supreme Court Administrative Order 2020-PR-016, effective March 18, 2020, issued by the Chief Justice of the Kansas Supreme Court to address the COVID-19 pandemic. He also claims his pro se status and the pandemic provided a good-faith basis to extend the deadline.

After reviewing the record and applicable law, we conclude the Workers Compensation Board (Board) correctly concluded Order 2020-PR-016 did not apply to

1

workers compensation proceedings, Haney failed to show the pandemic affected his ability to prosecute his claim, and his ignorance of the deadline because he was representing himself was not a good-faith basis to extend the deadline. We affirm the Board's dismissal of Haney's claim.

*Haney's Workers Compensation Proceedings*

Haney claimed he sustained an injury to his shoulder while working for the Lawrence Police Department. He sought workers compensation benefits from the City of Lawrence, initially using the services of an attorney. That attorney withdrew approximately three months before the preliminary hearing on Haney's request for temporary total disability payments (TTD) and medical care for his work-related injury. Haney represented himself at the hearing. At the end of the hearing, the administrative law judge (ALJ) explained to Haney:

> "There are time deadlines you should be aware of. There are also—whether you appeal or not if you do not prevail here, you realize you still have an open claim here, so if for some reason you did not prevail this does not mean your claim has vanished or gone or disappeared. It just means that the decision that was before us here was ruled in a certain fashion. Likewise, you should be aware that there are other deadlines for you as a Claimant that come up periodically that you are going to have to make sure that you are aware of and that you need to meet because if you don't that can result in a dismissal of your case. Regardless of how you are progressing, certain things have to transpire within certain deadlines, so you should be aware of that under the [Workers Compensation] Act."

On April 1, 2019, the ALJ denied Haney's preliminary hearing requests for medical care and TTD payments, finding he had failed to show his claimed work injury was the prevailing cause of his medical condition, need for treatment, or resulting impairment. The ALJ complimented Haney on his performance in representing himself but cautioned him against continuing to proceed that way. The ALJ acknowledged

2

Haney's right to represent himself but pointed out that he could get no advantage or disadvantage for doing so. The ALJ then offered Haney some "[f]ood for thought," pointing out several "practical hur[d]les" Haney faced in representing himself in this matter, which was complicated both by the administrative legal process and the medical issues involved. Haney did not appeal the ALJ's order.

*City's Application for Dismissal*

After a year passed without Haney taking any steps to prosecute his claim, the City of Lawrence applied to dismiss it. The ALJ conducted a telephone hearing on the City's application on May 13, 2020. Haney again represented himself. The City explained that it sought dismissal because under K.S.A. 2020 Supp. 44-523(f)(2), Haney had one year after the preliminary hearing order to take the matter to a regular hearing, and he had failed to do so. When the ALJ asked Haney for a response, he said:

> "[HANEY]: . . . [G]iven what [the City's attorney] stated and based upon the statute I wasn't exactly aware as far as how to proceed. I wasn't aware that once the Preliminary Hearing was concluded, adverse action was brought forward, there was only a year's time. I was still under the impression there was three years from the date of injury to handle the case and that's really the only thing. I have been trying to seek legal counsel and I'm currently waiting for contact.
> "THE COURT: . . . [H]ave you made any calls to any attorney in advance of this proceeding or checked in with any lawyers that might take your case?
> "[HANEY]: Yes, your Honor. I have spoken with an attorney in advance of this and I am just waiting for an attorney to contact me back."

The City responded by pointing out Haney had over a year to obtain counsel, and neither his ignorance of the law nor his status as a pro se litigant excused his failure to comply with the statutory deadline. The ALJ asked Haney if he had anything further to add, to which Haney said no. The ALJ then took the matter under advisement and gave

Haney until June 23, 2020, to obtain an attorney to respond to the City's application for dismissal.

On June 23, 2020, an attorney filed a response brief on Haney's behalf. This attorney argued the matter should be not dismissed because: (1) the Chief Justice of the Kansas Supreme Court had tolled all statutes of limitations, including those in the Workers Compensation Act, by Order 2020-PR-016 and subsequent related administrative orders; (2) the COVID-19 pandemic constituted good cause to extend the one-year deadline in K.S.A. 2020 Supp. 44-523(f)(2); and (3) Haney should be allowed an extension since he was representing himself and unaware of the one-year deadline.

Haney argued the administrative orders provided a good-faith reason for an extension of the deadline in K.S.A. 2020 Supp. 44-523(f)(2), which states that "[u]nless the claimant can prove a good faith reason for delay, the claim shall be dismissed with prejudice by the administrative law judge." Haney also argued the COVID-19 pandemic "shut things down right at the critical point when [the City's] motion was filed," causing attorneys and the Kansas Department of Labor judges and personnel to work from home. He asserted this made "the concept of getting legal help . . . harder." Last, Haney said he was acting in good faith but simply misunderstood the deadline. He pointed out he now had counsel and was ready to proceed.

On January 13, 2021, the ALJ issued an 11-page order sustaining the City's motion to dismiss and dismissing Haney's case with prejudice. The ALJ discussed the issuance of various administrative orders by the Kansas Supreme Court to address the COVID-19 pandemic but found they did not apply to workers compensation proceedings.

In reaching this conclusion, the ALJ analyzed the language of Order 2020-PR-016, describing it as the primary order addressing the largest scope of time tolling, noting:

4

- The order cited "specific types of cases—criminal, juvenile offender, care and treatment, child in need of care and other branches [of] law under district court jurisdiction" which were tolled.

- The order listed "[s]pecific K.S.A. citations . . . as tolled," noting all of which dealt with deadlines imposed on district court actions.

- The order tolled other duties performed under court oversight, such as time directives for court services officers to provide probation oversight or collect drug/alcohol testing.

- The concluding paragraph stated: "'[A]ll statutes of limitations and statutory time standard[s] or deadlines applying to the conduct [or] processing of [j]udicial proceedings is suspended until further order. During the effective dates of this Administrative Order, no action shall be dismissed for lack of prosecution.'"

- The amendment to Order 2020-PR-016, Kansas Supreme Court Administrative Order 2020-PR-032, effective March 19, 2020, added this line to that concluding paragraph: "'Parties are encouraged to meet all deadlines that do not require in-person proceedings.'"

- Order 2020-PR-032 clarified that between litigants "'such matters as discovery or mediation—that does not involve a judge or judicial employee'" are excluded.

- Later administrative orders basically "fine-tune[d]" Order 2020-PR-016, such as adding a reference to speedy trial deadlines in criminal proceedings and including municipal courts.

- The stated purpose of the orders was "' . . . to protect the health and safety of Kansans, including our judicial branch employees and judges.'"

The ALJ concluded that Order 2020-PR-016 and the subsequent orders did not toll deadlines in workers compensation matters. It noted the orders focused on judicial

5

proceedings, but workers compensation proceedings are governed by administrative law except upon appeal of the Board. It also pointed out that if the orders intended to toll all statutory deadlines, as Haney claimed, there would be no need to specifically list certain types of matters or issue subsequent orders adding municipal courts and speedy trial deadlines.

As for Haney's argument that the COVID-19 pandemic constituted good cause to extend his one-year deadline, the ALJ noted the pandemic did not begin negatively impacting Kansas until about mid-March. Thus, at most, the pandemic could only have affected the last approximately 22 days of the 365 days Haney had to pursue his claim. The ALJ also noted that, despite the judicial change, the Department of Labor stayed open and staffed. Unlike district courts, the DOL never closed and was always operational. Last, the ALJ noted Haney never mentioned the pandemic hampering his efforts to prosecute his claim during the telephone hearing.

Finally, the ALJ also found Haney's pro se status and misunderstanding of the law did not constitute good cause to extend the statutory deadline, reminding Haney of the ALJ's prior warnings at the preliminary hearing and in the preliminary hearing order of the perils involved in representing himself.

*Appeals Board Review of the ALJ's Dismissal*

Haney petitioned the Board requesting review of the ALJ's January 13, 2021 order dismissing his case. The Board affirmed the ALJ's well-reasoned order. The Board noted that Haney failed to demonstrate he was in the process of gathering evidence or moving his claim towards a regular hearing. Instead, he simply stated he thought he had three years instead of one year to proceed to a regular hearing. The Board also noted that while Haney said he had contacted an attorney in response to the ALJ's inquiry, the record does not reveal whether Haney had contacted one before or after the City applied to dismiss

6

his claim. As for Haney's reliance on Order 2020-PR-016, the Board noted that "[b]ecause the Division of Workers Compensation is not a component of the Kansas Judicial Branch, it is not bound by [Order] 2020-PR-016." The Board also pointed out it had previously affirmed another ALJ's ruling that the Supreme Court's administrative orders suspending time standards and deadlines did not apply to workers compensation proceedings. See *Martinez v. Packers Sanitation Services, Inc.*, No. CS-00-0312-250, 2021 WL 391043, at *4 (Kan. Work. Comp. App. Bd. Jan. 26, 2021). Accordingly, Order 2020-PR-016 cannot create a good-faith basis or otherwise excuse the claimant's failure to proceed to a regular hearing.

One Board member dissented, arguing sua sponte that both the ALJ and the Board lacked jurisdiction to consider the City's application for dismissal because it was filed prematurely. He asserted that K.S.A. 2020 Supp. 44-525(a) states the effective date of an award is the day following the date noted in the award, so the effective date of the preliminary award was April 2, 2019, not April 1, 2019. Since the City applied for dismissal on April 1, 2020, he concluded that the ALJ and, thus, the Board, did not have jurisdiction to consider the application.

*Haney's Appeal of the Board's Decision*

Haney appeals the Board's decision under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. As the party asserting the invalidity of the agency action, Haney bears the burden of proving the Board erred on appeal. See K.S.A. 77-621(a)(1); *Via Christi Hospitals Wichita, Inc. v. Kan-Pak, LLC*, 310 Kan. 883, 889, 451 P.3d 459 (2019). The KJRA only allows us to grant relief for the reasons listed in K.S.A. 77-621(c). 310 Kan. at 889. In all, Haney argues that he is entitled to relief under K.S.A. 77-621(c)(1), (c)(2), (c)(4), (c)(5), (c)(7), and (c)(8). Haney challenges three separate actions of the Board—each under different subsections of K.S.A. 77-621(c).

7

First, Haney challenges the Board's determination that Order 2020-PR-016 did not apply to workers compensation proceedings. Based on this decision, he argues that the following subsections of the statute permit judicial relief: K.S.A. 77-621(c)(1) ("[t]he agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied"), (c)(4) ("the agency has erroneously interpreted or applied the law"), and (c)(8) ("the agency action is otherwise unreasonable, arbitrary or capricious"). K.S.A. 77-621(c)(1), (c)(4), (c)(8).

Second, Haney challenges the Board's determination that he did not demonstrate good-faith reasons for the delay to warrant an extension under K.S.A. 2020 Supp. 44-523(f)(2). Based on this Board determination, Haney argues that judicial relief is permitted under: K.S.A. 77-621(c)(4) ("the agency has erroneously interpreted or applied the law"), (c)(7) ("the agency action is based on a determination of fact, made or implied by the agency, that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act"), and (c)(8) ("the agency action is otherwise unreasonable, arbitrary or capricious"). K.S.A. 77-621(c)(4), (c)(7), (c)(8).

Third, Haney challenges the Board's consideration of the City's application for dismissal, arguing that the Board lacked the jurisdiction to consider the application. He asserts that he is entitled to relief based on this Board action under: K.S.A. 77-621(c)(2) ("the agency has acted beyond the jurisdiction conferred by any provision of law") and (c)(5) ("the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure"). K.S.A. 77-621(c)(2), (c)(5).

*Haney's Claims that the Board's Action was Unconstitutional*

Haney argues that judicial relief is authorized under K.S.A. 77-621(c)(1) ("[t]he agency action, or the statute or rule and regulation on which the agency action is based, is unconstitutional on its face or as applied") because the Board's decision that Order 2020-PR-016 does not apply to workers compensation proceedings is unconstitutional in application, violating both constitutional due process and equal protection rights. First, Haney says the Board's decision that Order 2020-PR-016 does not apply to workers compensation proceedings deprives an injured worker of a benefit he would have otherwise had in a civil proceeding, "diminish[ing] the concept of an 'adequate substitute remedy,' thereby violating an injured workers' constitutional due process rights." Next, he argues that "allowing civil plaintiffs the benefit of [Order] 2020-PR-016 but depriving injured workers of the same benefit violates constitutional equal protection rights."

The problem with Haney's arguments is he has failed to provide any analysis or cite any pertinent legal authority to support them. He bears the burden of proving how the Board's decision is unconstitutional in application. A panel of this court reviewing a Workers Compensation Board award under the KJRA recently provided:

> "A party has an obligation to advance a substantive argument in support of their position and buttress it with pertinent authority or risk a ruling that the issue is waived or abandoned. [Claimant] did not supply a standard of review, provide us with any pertinent rules or caselaw, or engage in any analysis of the issue. Simply put, she failed to substantiate her claim . . . . Her argument on this point is properly considered abandoned. [Citation omitted.]" *Garcia v. Tyson Fresh Meats, Inc.*, 61 Kan. App. 2d 520, 525, __ P.3d __, 2022 WL 261927 (No. 123,430 filed January 28, 2022).

Haney similarly failed to substantiate his claims that he is entitled to judicial relief under K.S.A. 77-621(c)(1), so we consider them abandoned.

9

*Interpretation of Order 2020-PR-016*

Haney argues judicial relief is authorized under K.S.A. 77-621(c)(4) ("the agency has erroneously interpreted or applied the law") because the Board erroneously interpreted Order 2020-PR-016 as not applying to workers compensation proceedings. Haney says both the Chief Justice's intent in issuing the administrative order and the plain language of the order establish that Order 2020-PR-016 applied to workers compensation proceedings.

Before addressing the merits of Haney's arguments, we must first dispatch the City's claim that Haney failed to preserve them. The City relies on the following language from *Zimero v. Tyson Fresh Meats*, 61 Kan. App. 2d 1, 3-4, 499 P.3d 1153 (2021), to argue that Haney did not properly preserve this issue:

> "Parties in workers compensation appeals are limited to raising issues on appeal that were properly before the Board. See *Linenberger v. Kansas Dept. of Revenue*, 28 Kan. App. 2d 794, 797, 20 P.3d 1290 (2001). The Board only has the authority to review 'questions of law and fact as presented and *shown by a transcript* of the evidence and the proceedings as presented, had and introduced before the administrative law judge.' K.S.A. 2020 Supp. 44-555c(a)." (Emphasis added.)

The City argues Haney did not properly preserve this issue because there is no mention of the administrative order as grounds for relief from K.S.A. 2020 Supp. 44-523(f)(2) in the May 13, 2020 hearing transcript. The City also asserts this argument applies equally to Haney's argument on appeal regarding the COVID-19 pandemic constituting a "good faith" reason for his delay under K.S.A. 2020 Supp. 44-523(f)(2). We are unpersuaded. As Haney correctly notes, the *Zimero* court looked to the appellant's *brief*—not the hearing transcript—to determine whether the issue had been preserved, and Haney briefed these issues before both the ALJ and the Board. See *Zimero*, 61 Kan. App. 2d at 4 ("Based on a review of [Claimant's] brief to the Board, she did not challenge

10

[the doctor's] assessment of a 3% body as a whole [BAW] award . . . . So based on the record, [Claimant] did not challenge the 3% BAW rating . . . before the Board and therefore did not preserve the challenge for appeal."); see also *Sierra Club v. Mosier*, 305 Kan. 1090, 1123-24, 391 P.3d 667 (2017) ("The entire concept of judicial review contemplates that an agency must have had an adequate opportunity to consider the merits of an issue."). We thus find the issues are properly preserved for review.

Turning now to the Board's interpretation of Order 2020-PR-016, we note the standard governing our review is unlimited since interpretation of a Kansas Supreme Court administrative order is a question of law. See *In re Marriage of Callaghan*, 19 Kan. App. 2d 335, 335-36, 869 P.2d 240 (1994); *In re Marriage of Silliman*, No. 117,373, 2017 WL 4455300, at *3 (Kan. App. 2017) (unpublished opinion); see also *In re Marriage of Stewart*, No. 94,923, 2006 WL 2265109, at *2 (Kan. App. 2006) (unpublished opinion) ("The interpretation of . . . Supreme Court Administrative Order No. 180 . . . [is a] question[] of law over which this court has unlimited review.").

Haney argues Order 2020-PR-016 applies to workers compensation proceedings because it does not contain language limiting its scope to Chapter 60 district court proceedings. Rather, he claims it only references "judicial proceedings." Haney points out workers compensation proceedings fall under this category since the Kansas Supreme Court has defined the Kansas workers compensation system as judicial in nature in *Gawith v. Gage's Plumbing & Heating Co.*, 206 Kan. 169, 476 P.2d 966 (1970).

We find the Board correctly interpreted Order 2020-PR-016. In addition to the astute examples offered by the ALJ (which the Board correctly affirmed), the context of the entire administrative order makes it evident that the term "judicial proceedings" as used in the Order means proceedings of the judicial branch—proceedings in Kansas state courts. First, it is evident from one of the introductory paragraphs that the administrative order is referring to Kansas courts of *the judicial branch*, since it provides that "Kansas

courts and judicial offices" had remained operational, but the emergency required "more comprehensive measures to protect the health and safety of Kansans, including *our judicial branch* employees and judges." (Emphasis added.) And the first paragraph uses the term "Kansas state court": "All jury trials, both civil and criminal, scheduled to begin in any *Kansas state court* . . . are continued until further order. . . ." (Emphasis added.) And throughout the entirety of the administrative order, it repeatedly references only Kansas district courts, the Kansas Court of Appeals, and the Kansas Supreme Court.

While Haney argues the Chief Justice's intent in issuing the administrative order—which he asserts was to protect the health of Kansans and provide relief for those participating in legal proceedings during COVID-19—was for Order 2020-PR-016 to apply to workers compensation proceedings, this supposed intent is not supported by the language of the order. And Haney provides no support other than his own assertion. Even if this were true, we are bound by the language expressed in the order—which does not encompass workers compensation matters.

Haney also argues that judicial relief is authorized under K.S.A. 77-621(c)(8) because the Board's decision that Order 2020-PR-016 did not apply to workers compensation proceedings was unreasonable, arbitrary, and capricious. "'Essentially, the test [for unreasonable, arbitrary, or capricious agency action] under K.S.A. 77-621(c)(8) determines the reasonableness of the agency's exercise of discretion in reaching its decision based upon the agency's factual findings and the applicable law.'" *Woessner v. Labor Max Staffing*, 312 Kan. 36, 50-51, 471 P.3d 1 (2020).

Haney has failed to persuasively attack the quality of the Board's reasoning. See *Via Christi Hospitals Wichita, Inc.*, 310 Kan. at 895. Since we find the Board's interpretation of Order 2020-PR-016 was supported by the clear language of the order, we also find its decision was not unreasonable, arbitrary, or capricious.

12

*No Good-Faith Reason for Haney's Delay*

Based on the Board's determination that Haney did not demonstrate good-faith reasons for the delay under K.S.A. 2020 Supp. 44-523(f)(2) to warrant an extension, Haney contends that he is entitled to judicial relief under K.S.A. 77-621(c)(4), (c)(7), and (c)(8). Haney's failure to provide any subsection-specific arguments on this point complicates matters since our standard of review is not the same under each of these subsections.

First, judicial review under K.S.A. 77-621(c)(4) (authorizing relief if "the agency has erroneously interpreted or applied the law") is a question of law subject to unlimited review, giving no deference to the agency's view. *In re Tax Appeal of River Rock Energy Co.*, 313 Kan. 936, 944, 492 P.3d 1157 (2021); *Woessner*, 312 Kan. at 42-43.

Next, under K.S.A. 77-621(c)(7), this court may grant relief if it determines that

"the [Board's] action is based on a determination of fact, made or implied by the [Board], that is not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole, which includes the agency record for judicial review, supplemented by any additional evidence received by the court under this act." K.S.A. 77-621(c)(7).

When reviewing an agency's action under subsection (c)(7), "'the appellate court is limited to ascertaining from the record *if substantial competent evidence supports the agency findings*.'" *Atkins v. Webcon*, 308 Kan. 92, 96, 419 P.3d 1 (2018). "'Substantial competent evidence possesses both relevance and substance and provides a substantial basis of fact from which the issues can be reasonably determined.'" 308 Kan. at 96. Substantial competent evidence is also referenced as "'such evidence as a reasonable person might accept as being sufficient to support a conclusion.'" 308 Kan. at 96.

Further, K.S.A. 77-621(d) dictates how this court is to conduct a review under K.S.A. 77-621(c)(7), providing:

> "For purposes of this section, 'in light of the record as a whole' means that the adequacy of the evidence in the record before the court to support a particular finding of fact shall be judged in light of all the relevant evidence in the record cited by any party that detracts from such finding as well as all of the relevant evidence in the record, compiled pursuant to K.S.A. 77-620, and amendments thereto, cited by any party that supports such finding, including . . . the agency's explanation of why the relevant evidence in the record supports its material findings of fact. In reviewing the evidence in light of the record as a whole, the court shall not reweigh the evidence or engage in de novo review." K.S.A. 77-621(d).

See *Atkins*, 308 Kan. at 96.

And last, as stated in the previous section, the test under K.S.A. 77-621(c)(8) (authorizing relief if "the agency action is otherwise unreasonable, arbitrary or capricious") "'determines the reasonableness of the agency's exercise of discretion in reaching its decision based upon the agency's factual findings and the applicable law.'" *Woessner*, 312 Kan. at 50-51.

### 1. *Securing Counsel*

Haney first challenges the Board's determination that he did not make a showing of good faith because he did not demonstrate that he was in the process of moving the claim toward a regular hearing. Haney argues that because he said he was in the process of securing counsel and was waiting for a return call at the May 13, 2020 hearing, it is obvious he was moving the claim toward a regular hearing. This appears to be a challenge under (c)(7), since Haney seems to argue the Board's finding is not supported by substantial competent evidence. See K.S.A. 77-621(c)(7).

14

Haney's argument misses the point. The Board noted Haney's statement at the May 13, 2020 hearing was insufficient because Haney did not reveal *when* he had contacted an attorney. That is, Haney did not say whether he had contacted the attorney before or after the City applied to dismiss his claim. And even though the ALJ gave Haney approximately six weeks to obtain an attorney and file a response brief, Haney did not provide any details about his efforts to secure counsel or move his case along in that brief. Given this record, we conclude substantial competent evidence supports the Board's decision, which we also find was not unreasonable, arbitrary, and capricious. And since Haney has also failed to establish the Board misinterpreted the law in reaching this finding, we conclude he is not entitled to relief under K.S.A. 77-621(c)(4), (c)(7), or (c)(8).

2. *Pro Se Status*

Haney next claims his status as a pro se litigant shows he acted in good faith because: (1) he was not informed of the statutory deadlines under the Workers Compensation Act, and despite the law requiring pro se litigants to follow the same rules as represented parties, the fact that he was unaware of the deadline shows he acted in good faith; and (2) throughout the case, he had been representing himself, demonstrating that he had made good-faith efforts to move the claim forward. But these arguments fail under both (c)(4) and (c)(8) because Haney offers no argument as to *why* the Board's decision is unreasonable, based on either a factual finding of the Board or applicable law, or mistaken under the law. See *Woessner*, 312 Kan. at 50-51.

We also find the Board's decision was supported by substantial competent evidence and thus not in violation of (c)(7). The ALJ advised Haney that the proceedings were governed by certain deadlines and thoughtfully described the perils Haney faced in representing himself. The ALJ also warned Haney he would not get special treatment should he decide to continue to proceed without an attorney. The Board correctly

15

determined Haney's pro se status and ignorance of the law, particularly under these circumstances, was not a sufficiently good-faith basis to extend the statutory deadline.

    3. *COVID-19*

Last, Haney challenges the Board's determination that the COVID-19 pandemic did not constitute a good-faith reason for the delay. Haney disputes the Board's finding that the pandemic only affected the last 22 days of the one-year period because he says the COVID-19 pandemic had been an issue for many months before then. In context, the Board stated:

> "Claimant stated he contacted an attorney before the hearing held on May 13, 2020, but it is not clear whether Claimant attempted to obtain legal counsel before or after the motion to dismiss was filed. As ALJ [Steven M.] Roth noted, the *COVID-19 public health emergency only impacted the last twenty-two days Claimant had to proceed to regular hearing, and there is no record Claimant made an effort to move the claim to regular hearing before the COVID-19 emergency*. The lack of evidence Claimant was gathering evidence or moving this claim to regular hearing supports ALJ Roth's conclusion Claimant did not prove a good faith reason for the delay in proceeding to regular hearing." (Emphasis added.)

Once again, Haney misses the Board's point. The Board noted that even before the COVID-19 public health emergency, there was no record of Haney making any effort to move his claim to a regular hearing. And as the ALJ pointed out in its order (which the Board affirmed), Haney never mentioned the pandemic hampering his efforts to prosecute his claim during the telephone hearing.

The Board's comment about the 22-day time period is immaterial since Haney never described how the pandemic hampered his efforts to prosecute his claim at any

time during that one-year period. Once again, we find Haney is not entitled to relief under K.S.A. 77-621(c)(4), (c)(7), or (c)(8).

Haney failed to prove that he was entitled to relief from the Board's determination that he had not demonstrated good faith under K.S.A. 2020 Supp. 44-523(f)(2). See K.S.A. 77-621(a)(1) (party asserting the invalidity of the agency's action bears the burden of proving invalidity on appeal). We affirm the Board's dismissal on that basis.

*The Board's Jurisdiction Over the City's Application*

On appeal, Haney seizes on the dissent of one of the Board members, who concluded the Board lacked jurisdiction over the City's application. Haney argues he is entitled to relief on this basis under both K.S.A. 77-621(c)(2) ("the agency has acted beyond the jurisdiction conferred by any provision of law") and (c)(5) ("the agency has engaged in an unlawful procedure or has failed to follow prescribed procedure"). While the City correctly notes Haney did not raise this issue below, it fails to identify when Haney would have had an opportunity to do so. The dissenting Board Member raised this issue sua sponte, which placed both parties in an unfair position.

Since the dissent raises an issue of jurisdiction, which can be raised at any time, and it involves an issue of statutory interpretation (which we review de novo), we will address Haney's argument. See *In re Tax Appeal of River Rock Energy Co.*, 313 Kan. at 944; see also *Woessner*, 312 Kan. at 43 ("Interpretation or construction of the Workers Compensation Act is a question of law. 'Appellate courts exercise unlimited review on questions of statutory interpretation without deference to an administrative agency's or board's interpretation of its authorizing statutes.'").

As to the interpretation of workers compensation statutes, the Supreme Court has stated:

17

"'When a workers compensation statute is plain and unambiguous, this court must give effect to its express language rather than determine what the law should or should not be. The court will not speculate on legislative intent and will not read the statute to add something not readily found in it.' [Citation omitted.]" *Fernandez v. McDonald's*, 296 Kan. 472, 478, 292 P.3d 311 (2013).

Like the dissent, Haney argues that since K.S.A. 2020 Supp. 44-525(a) states the effective date of an award is the day following the date noted in the award, the effective date of the preliminary award was April 2, 2019, not April 1, 2019. Since the City applied for dismissal on April 1, 2020, he says the ALJ and, thus, the Board, did not have jurisdiction to consider the application.

Beginning with the language of the statutes at issue here, K.S.A. 2020 Supp. 44-523(f)(2), in relevant part, provides:

"In any claim which has not proceeded to regular hearing within one year from *the date of a preliminary award* denying compensability of the claim, the employer shall be permitted to file with the division an application for dismissal based on lack of prosecution. The matter shall be set for hearing with notice to the claimant's attorney, if the claimant is represented, or to the claimant's last known address. Unless the claimant can prove a good faith reason for delay, the claim shall be dismissed with prejudice by the administrative law judge." (Emphasis added.) K.S.A. 2020 Supp. 44-523(f)(2).

And the portion of K.S.A. 2020 Supp. 44-525(a) relevant to Haney's argument provides: "*The award* of the administrative law judge shall be *effective the day following the date noted in the award*." (Emphasis added.)

Haney's interpretation is at odds with the plain language of K.S.A. 2020 Supp. 44-523(f)(2) and K.S.A. 2020 Supp. 44-525(a). First, K.S.A. 2020 Supp. 44-523(f)(2) says the deadline is "one year from *the date* of a preliminary award denying compensability of the claim." (Emphasis added.) As the City correctly argues, it does not say "effective

18

date." Additionally, it does not include any reference to K.S.A. 2020 Supp. 44-525(a) (e.g., "the date, *as set forth in K.S.A. 44-525*[*a*]") that would direct the reader to refer to that statute for the date to use. Haney's argument fails here because the language in K.S.A. 2020 Supp. 44-523(f)(2), "the date of a preliminary award denying compensability of the claim," is plain and unambiguous. It means the date *of* the award—as in the date noted *on* the award that indicates when it was issued. Additionally, the plain language of K.S.A. 2020 Supp. 44-525(a) does not support Haney's argument because it states that "[t]he award of the administrative law judge shall *be effective* the day following the date noted in the award" (emphasis added)—not "the *effective date shall be* the day following the date noted in the award." See K.S.A. 2020 Supp. 44-525(a). The first means what day the award takes effect, while the second means the day the award was issued. Because the statutes are plain and unambiguous, this court is required to give effect to the statute's express language. See *Fernandez*, 296 Kan. at 478. Haney is effectively asking us to read into the statute something that is not readily found in it—which this court is prohibited from doing when the statute is plain and unambiguous as it is here. See 296 Kan. at 478, 480. ("'The court will not . . . read the statute to add something not readily found in it;'" "'An appellate court merely interprets the language as it appears; it is not free to speculate and cannot read into the statute language not readily found there.'"). Haney is also not entitled to relief under K.S.A. 77-621(c)(2) or (c)(5).

Affirmed.

19